Clarence E. **CALDWELL**, Petitioner-Appellant,

v.

E. L. **MAXWELL**, Warden, Ohio State Penitentiary, Respondent-Appellee.

No. 16450.

United States Court of Appeals
Sixth Circuit.

March 24, 1966.

Clarence E. Caldwell, in pro. per.

William B. Saxbe, Atty. Gen., Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, on the brief, for appellee.

Before O'SULLIVAN and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This cause is before the Court on appeal from an order of the United States District Court for the Southern District of Ohio, Eastern Division, denying the application of the appellant, Clarence E. Caldwell, for a writ of habeas corpus.

It appears from the record that the appellant, Clarence E. Caldwell, was indicted in Franklin County, Ohio, on October 16, 1960, on two counts, charging him in the first count with possession of heroin and in the second count with possession of a hypodermic needle adapted for the purpose of administering habit-forming drugs. The appellant was represented by counsel of his own choosing and was arraigned in the Common Pleas

Court of Franklin County, Ohio. The second count of the indictment was nolled by the court and the appellant entered a plea of guilty to the first count on November 14, 1960. Upon the plea of guilty, the presiding judge placed the appellant on probation for a period of five years.

This order of probation was revoked on February 23, 1962, and the appellant was sentenced to the Ohio Penitentiary for an indeterminate sentence. On May 20, 1964, the Supreme Court of Ohio, in Caldwell v. Haskins, Supt., London Correctional Institution, 176 Ohio St. 261, 199 N.E.2d 116, denied a petition of appellant for a writ of habeas corpus. The District Court, finding that only legal issues were presented by appellant's application, denied his application for a writ of habeas corpus on February 8, 1965.

The application of the appellant, before the District Court and now before us on this appeal, contains only a general allegation that the appellant was restrained of his liberty in violation of the Fourth, Fifth and Fourteenth Amendments. More specific statements are made in appellant's brief to the effect that his rights were violated as a result of an illegal arrest, and an illegal search,[1] that he was forced to make incriminating statements by the police, and that he was held seventy-two hours before he was taken before a magistrate. The appellant further claims in his brief that his subsequent plea of guilty was formed primarily through undue influence by the arresting officers and that the plea was not entered free from police influence.

The appellant was represented by his personally employed counsel. The second count of the indictment was dismissed. He pleaded guilty on the first count of the indictment and was placed on probation. These facts, together with the appellant's failure to allege in what manner his plea of guilty was unduly influenced by the police officers, lead us to the conclusion that there is no showing on the face of the record that the plea was involuntarily entered.

The judgment of the District Court is affirmed. See Caldwell v. Haskins, 176 Ohio St. 261, 199 N.E.2d 116.

1. The search complained of was prior to the decision of the United States Supreme Court in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), which first held that the Fourth Amendment required state refusal of evidence produced by an illegal search. In Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), the Supreme Court held that this ruling was not retroactive.