**John Allen SEYBOLD, Petitioner-Appellant,**

**v.**

**Elmer O. CADY, Warden, Respondent-Appellee.**

**No. 17952.**

United States Court of Appeals, Seventh Circuit.

Aug. 20, 1970.

John Allen Seybold, pro se.

Robert W. Warren, Atty. Gen., William A. Platz, Asst. Atty. Gen., Madison, Wis., for appellee.

Before, FAIRCHILD, and PELL, Circuit Judges and ESCHBACH, District Judge.[1]

PELL, Circuit Judge.

In 1964 the petitioner, Seybold, during the course of a trial in the criminal division of the Circuit Court of Milwaukee County, Wisconsin, entered guilty pleas to charges of armed robbery and attempted murder. He received indeterminate sentences of not more than twenty years to run consecutively and is still serving these in the Wisconsin state prison.

The present appeal is from the denial by the district court of two petitions for habeas corpus filed about July 1, 1969. There was no evidentiary hearing.

While it is quite difficult to separate Seybold's conclusionary chaff from factual wheat[2] it appears there would be adequate alleged items of the latter category to require an evidentiary hearing under 28 U.S.C. § 2243.

However, before making such a determination, it is necessary to decide whether such hearing is not here required because of Seybold's non-compliance with the requirement of exhaustion of state remedies under 28 U.S.C. § 2254.

We turn therefore to a review of the history of Seybold's post-conviction proceedings. He did not institute a direct appeal from his conviction but contends he was prevented from so doing by a seven-month delay in receiving a copy of the transcript of the trial.

Since Seybold did plead guilty and since the general rule is that a plea of guilty, voluntarily and understandingly made, constitutes a waiver of non-jurisdictional defects and defense, including claims of violation of, at least, some constitutional rights prior to the plea (see Hawkins v. State, 26 Wis.2d 443, 132 N.W.2d 545 (1965), and cases there cited), it may be arguable as to whether Seybold was harmed by the delay in securing the transcript. While we recognize that Seybold is contending that his plea of guilty was improperly induced, which might under some circumstances be significant, we do not in this opinion, because of our ultimate disposition, purport to pass upon the ques-

1. The Honorable Jesse E. Eschbach, District Judge, is sitting by designation from the Northern District of Indiana.

2. For example, in one of the documents filed as a part of this appeal, Seybold states he has "been abused, blocked, denied appeal devisively, harrassed [sic], injured permanently, crippled thru wilfull [sic] negligence in prison and has been subjected to destruction of documents and evidence, continuously."

Elsewhere he states he "will not be further put off by collusive equivocation and deliberate denials of due process."

tion presented by the claim of demand of access to the trial transcript.

On March 12, 1965, Seybold filed a petition for an order to show cause for a writ of habeas corpus in the Wisconsin Supreme Court pursuant to the governing statutes of that state, Wisconsin Statutes (1967), § 292.01 et seq. In his petition while Seybold referred to the denial of the transcript, this appears[3] to have been merely responsive to a question as to the reason for not appealing and was not at the time urged as a ground for relief. Basically, the petition claims (1) that the plea of guilty was coerced by threats that Seybold's wife, a co-defendant in the trial, would otherwise receive a long-term sentence,[4] (2) that Seybold's court-appointed counsel whom he had unsuccessfully sought to discharge earlier in the trial did not inform him regarding his constitutional rights concerning "deals" and (3) that the "deal" included a proviso that it should not be mentioned in court thereby forcing Seybold to commit perjury.

The Wisconsin Supreme Court made the following order under date of March 25, 1965:

"Ordered that the petition for a writ of habeas corpus be and the same is hereby denied for the following reasons:

"1. There is no claim made by the petitioner that, being innocent, he entered a plea of guilty which he would not have entered but for the alleged 'deal.'

"2. There is no allegation that Judge Daley participated in the alleged 'deal', and the questions asked of petitioner by Judge Daley at the time that petitioner changed his plea to guilty negative such participation.

"3. A promise to recommend probation for petitioner's wife in return for petitioner changing his plea to guilty is not against public policy; and there is no claim made that petitioner's wife did not receive probation upon the recommendation of the district attorney pursuant to the terms of the alleged 'deal.' "

No further petition or pleading of any sort was thereafter filed by Seybold in any Wisconsin court.

Under date of July 25, 1966, Seybold filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Wisconsin. A copy of the petition is not in the record. However, the record does disclose that the district court required a response from the state to which Seybold filed a "traverse."

On October 26, 1966, the district judge denied the petition stating in his order, *inter alia*, the following: "That decision [of the Wisconsin Supreme Court] indicates that the petition was denied because certain claims and allegations were not made in the petition before that court. The instant petition contains these claims and allegations among others. It appears, therefore, that petitioner has not exhausted state

---

3. Most, if not all of the petitions, correspondence and documents filed or otherwise circulated during the past five years on behalf of Seybold were pro se, however, this court has attempted in considering this appeal to discern the full scope of meaning presumably intended.

4. For a discussion of voluntariness of guilty pleas which are valid despite the State's responsibility for some of the factors motivating the plea, e. g., the defendant who pleads guilty with the under-

standing that other charges will be dropped, see Brady v. United States, 397 U.S. 742, 746–750, 90 S.Ct. 1463, 1468–1469, 25 L.Ed.2d 747 (May 4, 1970).

As a matter of fact a fair interpretation of Seybold's language would support the premise that most of the coercion involved in arriving at the decision to plead guilty was applied by his wife and another female who "both burst into tears" when Seybold was reluctant to accept the "deal."

remedies with respect to these claims and allegations. 28 U.S.C. § 2254."

The first petition for writ of habeas corpus, as well as four other civil actions, at least one of which was related to his Wisconsin incarceration, are referred to in Seybold v. Milwaukee County Sheriff, 276 F.Supp. 484 (E.D.Wis. 1967), which held in abeyance the cause of action which was then before the court.

On June 27, 1968 a complaint was filed by Seybold in the same district court against the then warden of the state prison seeking an injunction against the prisoner's continued incarceration and damages, alleging violation of constitutional rights. The district judge by order of July 22, 1968 held the action in abeyance but stated in his order that insofar as the suit for injunction was concerned, the "action is improper and the plaintiff should file a petition for writ of habeas corpus."

The court did not specify the forum and we do not conceive this particular pronouncement to do other than to specify the remedy that should have been used.

In any event, Seybold did again resort to the district court, filing on September 3, 1968, a petition for writ of habeas corpus and at the same time requesting the composition of a three judge district court "because this District Court HAS on past occasion demonstrated an extreme bias and prejudice in its adjudication of 'PRISONER SUBMITTED' petitions and actions."

Feeling no necessity at this juncture for detailing each of the grounds of the 1968 petition, suffice it to say there were new grounds specified (with no indication in most instances as to why they had not been previously advanced).

The district judge in his order of November 7, 1968, expressing the opinion that most of the matters were being presented for the first time, ruled that there had been no exhaustion of remedies, and that the court had no jurisdiction. The petition, as well as the three judge writ request, was denied.

The current petitions which are involved in the present appeal were filed on July 1, 1969. Briefly, Seybold's present grounds for relief are predicated upon the following claims: improper consecutive sentences, coercion of guilty plea, tardy appointment of counsel, ineptness of counsel, trial court's refusal to permit Seybold to discharge counsel during trial and proceed pro se, not guilty of second charge, no lawful indictment of second charge, no public trial, no appointed counsel on appeal, denial of access to trial transcript, state's response to a previous petition referred to inapplicable statute, the clerk of court had issued a previous denial and refusal of one of the district judges on a previous petition to disqualify himself.

The petitions contain some matters which might well be characterized as frivolous, some which relate to non-state matters occurring at the federal level in connection with his efforts to secure post-conviction relief and some which concern pre-conviction matters which if proven, might be the basis for relief. Of the latter, part have not been urged in the Wisconsin Supreme Court [5] and there has apparently not been a decision on the merits as to those which have been. Perhaps it may be arguable as to whether the brief order of the Wisconsin Supreme Court was procedural in the sense of holding that no cause of action had been stated with the possibility remaining of pleading over or as to whether this was indeed a final order on the merits. We do not need to decide this issue because of the fact that there are issues raised as to which there has

5. Seybold's second current petition (using a 28 U.S.C. § 2255 form) indicated that none of the grounds therein had previously been presented to any federal court. This obviously is incorrect.

been no attempted resort to the Wisconsin courts despite orders by two different district judges denying earlier petitions on the ground of non-exhaustion of state remedies.

The same result was reached by the court below in the present petitions although thereafter the judge did grant a certificate of probable cause for this appeal.[6] The order of denial states that it is clear that Seybold "has not yet exhausted his remedies in state court."

Turning now to the applicable Wisconsin law we do not find that Seybold is precluded from seeking relief by way of the habeas corpus route in that state. The Wisconsin habeas corpus statutes (§ 292.01 et seq.) do not seem to have a provision corresponding to 28 U.S.C. § 2244 relieving federal courts from entertaining a second petition where the first petition had been denied and was based upon the same grounds.

With regard to the Wisconsin law on the subject, it has been stated:

"Habeas corpus, in the supreme court [of Wisconsin] is the most commonly used and most adequate remedy * * * for claims alleging that the conviction rests upon a violation of fundamental rights under either the state or the federal constitution. The writ may be used at any time to challenge lack of jurisdiction or deprivation of fundamental constitutional rights which can only be established by proof outside the record."

Fairchild, Post Conviction Rights and Remedies in Wisconsin, 1965 Wis.L.Rev. 52, 57.

In the absence of a clear and persuasive showing that Seybold is precluded from further resort to Wisconsin habeas corpus relief (and we have found nothing to the contrary), we adhere to the view previously expressed by this court that the "State Court should have the opportunity to correct an alleged constitutional violation." United States ex rel. Calhoun v. Pate, 341 F.2d 885, 886 (7th Cir. 1965). We express no opinion as to whether there has been, in fact and in law, any constitutional violation.

We do not find Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), determinative of the issues here involved. This is not within the narrow exception of a deliberate by-passing of the orderly procedure of the state courts (*Noia, supra*, p. 438, 83 S.Ct. 822), although Seybold does seem to have ignored the twice expressed district judges' admonitions. That exception comes into play when the by-passing has resulted in a forfeiture of state court remedies and we do not find there has been such a forfeiture.

*Noia*, however, was not governed, as we believe the case before us is, by 28 U.S.C. § 2254, requiring exhaustion of state remedies, as that requirement refers to state remedies still open to the appellant at the time he files his petition.

■ Following our decision in United States ex rel. Waldron v. Pate, 380 F.2d 94 (7th Cir. 1967), cert. denied, sub nom. Waldron v. Pate, 389 U.S. 1054, 88 S.Ct. 801, 19 L.Ed.2d 849 (1968), we find the district court properly refrained from exercising jurisdiction pending the presentment and disposition of petitioner's newly claimed grounds for relief in the state courts. If Seybold chooses to follow the now four times stated affirmation of the applicability to his situation of 28 U.S.C. § 2254, it is trusted he will bring before the Wisconsin Supreme Court all his claimed grounds for relief properly cognizable by that court.

For the reasons stated herein the judgment order appealed from is affirmed.

Affirmed.

---

6. The certificate states there is an arguable question of law but does not specify what the question is.