921 F.2d 278
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald W. WRIGHT, Petitioner/Appellant,
v.
WAUPUN CORRECTIONAL CENTER, Respondent/Appellee.
 No. 89-3736.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 20, 1990.*
Decided Dec. 21, 1990.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, Senior District Judge**.
 
 ORDER
 
 2
 Petitioner Donald Wright appeals from the district court's summary dismissal of his habeas corpus petition filed under 28 U.S.C. Sec. 2254.[1] On appeal, Wright raises ineffective assistance of appellate counsel in failing to perfect his direct appeal. However, we need reach only the question of whether Wright exhausted his state court remedies.
 
 
 3
 Before a federal court may examine the constitutional claims raised in a habeas petition, the state courts must have a full and fair opportunity to review them. United States ex rel. Simmons v. Gramley, et al., No. 89-2404, slip op. at 4 (7th Cir. Oct. 9, 1990). Thus, the petitioner must first exhaust all available and meaningful state court remedies. Id. Claims are considered exhausted when state remedies are no longer available to the petitioner. Engle v. Isaac, 456 U.S. 107, 125 n. 28, reh'g denied 456 U.S. 1001, reh'g denied 457 U.S. 1141 (1982).
 
 
 4
 In this case, it appears no direct appeal was taken from petitioner's conviction, nor was any post-conviction relief sought under Wisconsin Statutes Section 974.06. The time period for filing a direct appeal has lapsed, thus that remedy is no longer available to the petitioner. Simmons, No. 89-2404, slip op. at 5. However, a motion for post-conviction relief under Section 974.06 may be made any time after conviction or sentence. See Wis.Stat. Sec. 974.06(2). It appears, therefore, that petitioner, in failing to first seek relief under Section 974.06, has not exhausted available state court remedies.
 
 
 5
 Even if Wright's claim is unexhausted, we may still consider it if there is no real or meaningful remedy available to the petitioner. Cruz v. Warden of Dwight Correctional Center, 907 F.2d 665, 668 (7th Cir.1990). Petitioner argues, without support, that it would be futile for him to be required to exhaust his state court remedies.
 
 
 6
 In the absence of a clear and persuasive showing that Wright would be precluded from resorting to Wisconsin post-conviction relief, we do not believe that requiring Wright to exhaust his state court remedies is an exercise in futility. See Seybold v. Cady, 431 F.2d 683, 687 (7th Cir.1970). Moreover, it appears that petitioner's failure to raise the issue on direct appeal would not preclude him from raising ineffective assistance of appellate counsel on Section 974.06. In State v. Coogan, the court examined the merits of the defendant's ineffective assistance of counsel claim even though he failed to raise this issue on direct appeal. 154 Wis.2d 387, 388, 453 N.W.2d 186, 192 (Wis App.1990). The Wisconsin court noted that the purpose of Section 974.06 is to allow review of constitutional and jurisdictional issues not raised in the original trial. Id. It stated section 974.06's purpose would be defeated "if failure to raise those issues on direct appeal alone constituted a "knowing, voluntary, and intelligent waiver." Id.
 
 
 7
 Because Wright has not exhausted state remedies on his ineffective assistance claim, we AFFIRM the district court's dismissal of the petition. Although it may be problematic that counsel never filed a direct appeal on behalf of the petitioner, petitioner's failure to exhaust precludes this court from expressing an opinion as to the merits of the alleged constitutional violation.
 
 
 
 *
 On June 6, 1990, appellee filed a "NOTICE OF INTENT NOT TO FILE BRIEF." On August 29, 1990, we ordered that this appeal be submitted for decision on the record and brief of appellant without the filing of a brief by appellee. After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the appellant's brief
 
 
 **
 Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 The district court summarily dismissed the writ on August 25, 1989 for Wright's failure to exhaust state court remedies. See Rule 4, Rules Governing Section 2254 Cases. However, on September 12, 1989 the district court issued Wright a certificate of probable cause. We note that the district court's two orders are incongruous