91 F.3d 147
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wesley W. WILBERT, Defendant-Appellant.
 No. 95-3266.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1996.
Decided June 26, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Wesley Wilbert pleaded guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846. He received the statutory minimum sentence of 120 months of imprisonment and 8 years of supervised release. Wilbert's attorney, William Kelly, filed a motion to withdraw accompanied by a no merit brief, see Anders v. California, 386 U.S. 738 (1967), arguing that any appeal would be frivolous. We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 A criminal defendant is entitled to the assistance of counsel on direct appeal to this court unless an appeal would be "groundless in light of legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993). We must appoint counsel if the record reveals that Wilbert can raise any "arguable" legal claims. Penson v. Ohio, 488 U.S. 75, 83 (1988). The Court of Appeals must examine the entire record rather than limit its inquiry to the points raised in the no-merit brief. Anders, 386 U.S. at 744.
 
 
 3
 A review of the transcript indicates that Wilbert's change of plea hearing was conducted in conformance with Fed.R.Crim.P. 11, and his plea was knowing and voluntary. In addition, the government presented a sufficient factual basis to support the conspiracy charge. To prove a conspiracy, the government must show "that (1) there was an agreement between two or more persons to commit an unlawful act, (2) the defendant was a party to the agreement, and (3) an overt act was committed in furtherance of the agreement." United States v. Hickok, 77 F.3d 992, 1004-05 (7th Cir.) (footnote omitted), cert. denied, 116 S.Ct. 1701 (1996). At his plea hearing, Wilbert testified that he entered a conspiracy with Nancy Eckoff, who knowingly assisted him in the distribution of cocaine. See Plea Hearing Tr. at 19. This constitutes a sufficient factual basis to support Wilbert's plea, and any appeal on this issue would be frivolous.
 
 
 4
 Wilbert's relevant conduct included distributing 600 grams of cocaine and 269.8 grams of marijuana. Because he distributed in excess of 500 grams of cocaine and had a prior felony drug conviction, he faced a mandatory minimum penalty of 120 months (10 years) of imprisonment and 8 years of supervised release. 21 U.S.C. § 841(b)(1)(B). At sentencing, Wilbert's attorney argued that the 10-year statutory minimum penalty was too severe for his crime.[1] The court, however, imposed the ten-year sentence, and its decision to do so was correct. A sentencing court may depart from a statutory minimum for two reasons only: (1) if the government has made a motion for departure because of a defendant's substantial assistance to authorities, see 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1; or (2) if the defendant qualifies under the "safety-valve" provision for first-time offenders in 18 U.S.C. § 3553(f). See United States v. Arrington, 73 F.3d 144, 146-47 (7th Cir.1996). In the instant case, the government did not make a substantial assistance motion, and Wilbert's nine criminal history points make him ineligible for the safety-valve provision. See 18 U.S.C. § 3553(f)(1). Thus, the court properly refused to depart, and any appeal on this issue would be frivolous.
 
 
 5
 Finally, in his response to the Anders brief, Wilbert asks the court to consider whether the search of his apartment, during which officers discovered cocaine, marijuana, and drug paraphernalia, was valid. Wilbert's plea agreement, however, does not reserve the right to contest the search, and by pleading guilty, he has waived all non-jurisdictional defenses to his crime. United States v. Nunez, 958 F.2d 196, 200 (7th Cir.), cert. denied, 506 U.S. 857 (1992); Seybold v. Cady, 431 F.2d 683, 684 (7th Cir.1970). Thus, any appeal contesting the search of his apartment would be frivolous.
 
 
 6
 In conclusion, no non-frivolous issues exist on which Wilbert could base an appeal. Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.
 
 
 
 [1]
 In addition, in his response to the Anders brief, Wilbert argues that he was entitled to a downward departure because of his age. At the time of sentencing, Wilbert was 60 years old