**George CROCKETT, Petitioner-Appellant,**

v.

**E. B. HASKINS, Supt., Respondent-Appellee.**

**No. 16849.**

United States Court of Appeals
Sixth Circuit.

Nov. 17, 1966.

Before PHILLIPS and PECK, Circuit Judges, and FOX, District Judge.*

FOX, District Judge.

This case is before us upon appeal from the decision of the District Court denying petitioner's application for a writ of habeas corpus.

The criminal offense in this case occurred on October 14, 1962, at about eleven o'clock. The record does not show whether it was A.M. or P.M. Petitioner was arrested early in the morning of October 15, detained for about three hours, and thereafter was taken to the police station, where he made a confession. He later appeared before the Municipal Court and entered a no contest plea because he did not have a lawyer.

The District Court found from the record that the hearing in Municipal Court was continued. Later petitioner retained counsel who appeared with him at his preliminary hearing, at which time he was bound over to the grand jury and released on bond. He was indicted by the grand jury on a charge

---

* Honorable Noel P. Fox, Judge of the United States District Court for the Western District of Michigan, sitting by designation.

of second degree murder. He remained on bond until his arraignment.

Petitioner claims that he was not represented by counsel during this time because he had no money. However, the Supreme Court of Ohio in Crockett v. Haskins, 2 Ohio St.2d 322, 208 N.E.2d 744 (1965), found from a report of its Master Commissioner that his counsel was present and persuaded the prosecution to accept a plea of guilty to manslaughter, a lesser included offense. Petitioner pleaded guilty on February 11, 1963, and thereafter was sentenced to the Ohio Penitentiary.

The Supreme Court of Ohio found: "Clearly, petitioner was represented by counsel, and his contention that he was not is without merit."

Petitioner alleged in his petitions in both the state trial court and Supreme Court, as well as in the District Court, illegal arrest, illegal search and seizure, illegal detention, and denial of counsel.

Appellant's petition in the District Court contains an additional claim that he was compelled to appear in a police lineup while he was illegally detained to be viewed as a possible suspect in unsolved crimes.

Each claimed constitutional violation occurred in the preindictment stages of the prosecution.

After consultation with his attorney and after his attorney had persuaded the prosecution to accept a plea of guilty to the lesser included offense of manslaughter, the petitioner entered a plea of guilty to manslaughter. Since petitioner pleaded guilty, no evidence was used in his conviction. He makes no allegation that the plea of guilty was involuntary.

 It must be presumed that the petitioner made his plea with full knowledge of its consequences. A defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in prior stages of the proceedings. United States v. Zavada, 291 F.2d 189 (C.A.6, 1961); Wallace v. Heinze, 351 F.2d 39 (C.A.9, 1965); United States v. French, 274 F.2d 297 (C.A.7, 1960).

 Moreover, as found by the District Court under the criteria pronounced in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, "an evidentiary hearing is not required in this matter, as purely legal issues are raised."

 We find no violation of appellant's constitutional rights.

The judgment of the District Court is affirmed.