**Donald AUSTIN, Petitioner-Appellant,**

v.

**E. P. PERINI, Superintendent, Marion Correctional Institution, Respondent-Appellee.**

No. 20312.

United States Court of Appeals, Sixth Circuit.

Nov. 27, 1970.

Donald Austin in pro. per.

Paul W. Brown, Atty. Gen. of Ohio, Stephen M. Miller, Asst. Atty. Gen., Columbus, Ohio, for appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and MILLER, Circuit Judges.

PHILLIPS, Chief Judge.

Donald Austin is serving a sentence imposed by the Court of Common Pleas of Cuyahoga County, Ohio, upon his plea of guilty to an indictment for rape. He appeals from the judgment of the District Court denying his application for writ of habeas corpus.

District Judge Don J. Young concluded that the State court transcript establishes that Austin's plea of guilty was entered voluntarily while represented by privately retained counsel of his own choice and that his plea of guilty waived all prior defects which he asserts in support of his petition for habeas corpus. We affirm.

Austin was taken into custody on August 2, 1965. Two days later he gave a self-incriminating statement to the police. On September 23, 1965, he was indicted on two counts: (1) for burglary of an inhabited dwelling in the night in

violation of § 2907.09, Ohio Revised Code, and (2) rape in violation of § 2905.01. The burglary charge carried a sentence of life, or five to thirty years in the event of a jury recommendation of mercy. The charge of rape carried a lesser sentence of from three to twenty years. At arraignment on September 27, 1965, Austin entered a plea of not guilty.

On January 13, 1966, five months after his arrest and the taking of the incriminating statement, Austin withdrew his earlier plea of not guilty and entered a plea of guilty to the charge of rape, upon condition that the burglary count be dismissed. Austin was represented by privately retained counsel of his own choice. The plea of guilty was accepted by the court, the burglary count was dismissed, and Austin received a sentence of three to twenty years. The pertinent parts of the proceedings in the State court are made an appendix to this opinion.

Austin claims that he was arrested without a warrant, was not taken before a magistrate promptly and was not advised of his constitutional rights. He avers that the self-incriminating statement was secured from him in violation of his constitutional rights; that his attorney failed to investigate the case or advise him properly; and that his guilty plea was involuntary.

▆ It is well settled in this Circuit that a voluntary plea of guilty made by an accused while represented by competent counsel waives all non-jurisdictional defects. Reed v. Henderson, 385 F.2d 995 (6th Cir.); Crockett v. Haskins, 372 F.2d 475 (6th Cir.); Caldwell v. Maxwell, 357 F.2d 646 (6th Cir.); United States v. Zavada, 291 F.2d 189 (6th Cir.).

In McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, the Supreme Court held that "a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the grounds that counsel may have misjudged the admissibility of the defendant's confession;" and that

"a defendant who alleges that he pleaded guilty because of a prior coerced confession is not, without more, entitled to a hearing on his petition for habeas corpus." 397 U.S. at 770–71, 90 S.Ct. at 1148–1149.

In Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, the Supreme Court said:

"We decline to hold, however, that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged.

"The issue we deal with is inherent in the criminal law and its administration because guilty pleas are not constitutionally forbidden, because the criminal law characteristically extends to judge or jury a range of choice in setting the sentence in individual cases, and because both the State and the defendant often find it advantageous to preclude the possibility of the maximum penalty authorized by law. For a defendant who sees slight possibility of acquittal, the advantages of pleading guilty and limiting the probable penalty are obvious—his exposure is reduced, the correctional processes can begin immediately, and the practical burdens of a trial are eliminated. For the State there are also advantages—the more promptly imposed punishment after an admission of guilt may more effectively attain the objectives of punishment; and with the avoidance of trial, scarce judicial and prosecutorial resources are conserved for those cases in which there is a substantial issue of the defendant's guilt or in which there is substantial doubt that the State can sustain its burden of proof. It is this mutuality of advantage which perhaps explains the fact that at present well over three-fourths of the criminal convictions in this country rest on pleas of

guilty, a great many of them no doubt motivated at least in part by the hope or assurance of a lesser penalty than might be imposed if there were a guilty verdict after a trial to judge or jury." (Footnotes omitted.) 397 U.S. at 751–52, 90 S.Ct. at 1471.

Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785, involved the voluntariness of a plea of guilty entered one month after an allegedly coerced confession had been given to police. The Supreme Court said:

"Parker would have us hold his guilty plea involuntary and therefore invalid for two reasons: first, because it was induced by a North Carolina statute providing a maximum penalty in the event of a plea of guilty lower than the penalty authorized after a verdict of guilty by a jury; and second, because the plea was the product of a coerced confession given to the police shortly after petitioner was arrested. Neither reason is sufficient to warrant setting aside Parker's plea.

"It may be that under United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), it was unconstitutional to impose the death penalty under the statutory framework which existed in North Carolina at the time of Parker's plea. Even so, we determined in Brady v. United States, *ante*, p. 742, 90 S.Ct. 1463, 25 L.Ed.2d 1463, that an otherwise valid plea is not involuntary because induced by the defendant's desire to limit the possible maximum penalty to less than that authorized if there is a jury trial. In this respect we see nothing to distinguish Parker's case from Brady's.

"Nor can we accept the claim that the plea was infirm because it was the product of a coerced confession. According to Parker's testimony at the post-conviction hearing, he was denied food and water, promised unspecified help if he confessed and denied counsel's advice when he requested it. In the record, however, was an abundance of evidence contradicting Parker's claim of coercion: Parker's state-ments to his attorney soon after his interrogation that there had been no threats or promises and that he had not been afraid, his similar declarations in his sworn statement authorizing his plea, his answers to the trial judge at the time the plea was accepted, and his failure to complain of any mistreatment by the police until many months after he began serving his sentence. The North Carolina courts accordingly refused to credit his testimony and concluded that his confession was a free and voluntary act.

"We would in any event be reluctant to question the judgment of the state courts in this respect; but we need not evaluate the voluntariness of petitioner's confession since even if the confession should have been found involuntary, we cannot believe that the alleged conduct of the police during the interrogation period was of such a nature or had such enduring effect as to make involuntary a plea of guilty entered over a month later. Parker soon had food and water, the lack of counsel was immediately remedied, and there was ample opportunity to consider the significance of the alleged promises. After the allegedly coercive interrogation, there were no threats, misrepresentations, promises, or other improper acts by the State. Parker had the advice of retained counsel and of his family for the month before he pleaded. The connection, if any, between Parker's confession and his plea of guilty had 'become so attenuated as to dissipate the taint'." (Footnotes omitted.) 397 U.S. at 794–96, 90 S. Ct. at 1461–1462.

█ In the present case the record as reproduced in the appendix hereto establishes that Austin, who was faced with a possible life sentence if found guilty on the burglary charge, and while represented by privately retained counsel of his own selection, chose the more certain course of pleading guilty to a crime carrying a maximum sentence of from three to twenty years upon the condition that the burglary charge be dismissed.

The District Court correctly held that there is no merit in the petition for writ of habeas corpus.

Affirmed.

### APPENDIX

State of Ohio
}
SS.
County of Cuyahoga

In the Court of Common Pleas
(Criminal Branch)

The State of Ohio,
    Plaintiff,

    vs.                    No. 82,782

Donald Austin,
    Defendant.

Transcript of proceedings held on Thursday, January 13, 1966, commencing at 11:55 a. m., before Honorable John L. Angelotta, in Courtroom No. 4.

Appearances:

John T. Corrigan, Prosecuting Attorney, Cuyahoga County,

By: Joseph F. Donahue, Assistant Prosecuting Attorney,

    on behalf of the State of Ohio;

Norman S. Minor, Esq.,

    on behalf of the Defendant.

THE COURT: This is Case number 82,782, entitled State of Ohio vs. Donald Austin.

The State is represented by Assistant County Prosecutor Joseph Donahue.

Mr. Norman Minor represents the defendant, Donald Austin.

Mr. Donahue, do you wish to address the Court?

MR. DONAHUE: May it please the Court, this defendant appears in court this morning under an indictment charging him with burglary of an inhabited dwelling in the night season, with a count for rape.

To that indictment he has previously entered a plea of not guilty.

I have discussed this case in great detail with his counsel, Mr. Norman Minor.

I have discussed it with the Prosecuting Attorney, John T. Corrigan.

As a result of these discussions, it is my understanding this morning that he wishes to withdraw his plea of not guilty and enter a plea of guilty to the second count in that indictment for rape.

If that is his desire and that plea is forthcoming, we would recommend to the Court that the first count of the indictment, burglary of an inhabited dwelling in the night season, be nolled.

THE COURT: Mr. Minor.

MR. MINOR: If your Honor please, on condition that the count which carries with it the possibility of a life sentence, to-wit: burglary of an inhabited dwelling, is nolled by the Prosecutor, or a request for a nolle is made and it is dropped by the State, we would then— we do then enter a plea of guilty to the second count in the indictment.

THE COURT: This is your understanding, Mr. Donahue?

MR. DONAHUE: Yes, your Honor.

THE COURT: Donald Austin, how do you plead to the charge of rape, as contained in the second count of the indictment, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: Mr. Austin, do you understand the circumstances? Has this been explained to you by Mr. Minor?

THE DEFENDANT: Yes, sir.

THE COURT: You understand what you are pleading to?

THE DEFENDANT: Yes, sir.

THE COURT: You are not under any influence or duress, are you?

THE DEFENDANT: No, sir.

THE COURT: You do this of your own free will and volition?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Donahue, the Court will accept the plea of the defendant to the charge of rape, as contained in the second count of the indictment.

With reference now to the first count of the indictment.

MR. DONAHUE: We recommend to the Court, your Honor, that the first count of burglary of an inhabited dwelling in the night season be nolled.

THE COURT: All right. The first count in the indictment, burglary of an inhabited dwelling house in the night season, will be nolled, Mr. Minor.

MR. MINOR: Thank you, your Honor.

THE COURT: Now, Donald Austin, prior to imposition of sentence, is there anything you might wish to say to the Court?

THE DEFENDANT: Thank you.

THE COURT: Pardon me, sir?

THE DEFENDANT: Thank you for being so lenient.

THE COURT: Mr. Minor, is there anything you wish to say?

MR. MINOR: I have nothing to say, Judge, other than that the defendant appreciates that a lot has been done for him, that he appreciates this.

THE COURT: In Case Number 82,-782, entitled State of Ohio vs. Donald Austin, Donald Austin, I sentence you to the Ohio State Penitentiary, in accordance to law.

MR. MINOR: Thank you, your Honor.

THE COURT: Court is in recess.

(Thereupon a recess was taken.)

(Thereupon at 2:30 p. m., Thursday, January 13, 1966, the following further proceedings were had:)

THE COURT: This is Case 82,782, State of Ohio vs. Donald Austin.

This morning, Mr. Austin entered a plea and was sentenced; and this afternoon it comes to the attention of the Court that both counsel and the Court, and particularly the Court, overlooked the fact that the defendant pled to the charge of rape. Under the statute there is a mandatory requirement of referral to the psychiatric clinic.

I have by telephone brought this to the attention of Mr. Norman Minor, who waives his presence here this afternoon and consents to the Court's vacating the sentence that was imposed this morning, and he further consents in the mandatory referral.

Mr. Austin, do you understand what happened? We did something wrong this morning. We sentenced you to the penitentiary, which may still happen, but before you go to the penitentiary, under the law you are to be referred to the clinic so that the doctor can examine you and evaluate you and try to help you, if possible.

The sentence heretofore rendered, namely, that the defendant was sentenced to the Ohio State Penitentiary in accordance with law, is vacated. That sentence is vacated.

The entry will now read that the defendant is referred to the psychiatric clinic, in accordance with 2947.25 of the Revised Code of Ohio.

Anything further, Mr. Donahue?

MR. DONAHUE: That's all. Thank you, your Honor.

THE COURT: Thank you, Mr. Austin.