Willie JENKINS, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 71-1237.

United States Court of Appeals, Fifth Circuit.

May 11, 1971.

Willie Jenkins, pro se.

Crawford C. Martin, Atty. Gen., Howard M. Fender, Austin, Tex., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

■ Human nature being what it is, the metamorphosis which underlies the present controversy is not uncommon. After an evidentiary hearing, the court below denied the habeas corpus petition of a prisoner of the State of Texas who, after 7 years of imprisonment, would now disavow an agreeable plea bargain that got him a lengthy sentence on a charge which carried the death penalty. We affirm.[1]

The judgment attacked was a conviction for murder with malice in the 174th District Court of Harris County, Texas, upon a voluntary plea of guilty. The petitioner was sentenced in 1960 to serve a term of 99 years as fixed by a jury. The sentence was recommended by the state in accordance with a plea bargain negotiated through the appellant's court-appointed counsel. There was no direct appeal, but the appellant has exhausted his available state post-conviction remedies as required by 28 U.S.C. § 2254.

The district court held an independent evidentiary hearing at which the appellant testified that he pled guilty because he feared the death sentence would be imposed. He further testified that at the time of his trial, plea bargain and sentence he thought it was a good deal. He did not form the conclusion that any procedure associated with his trial, conviction and sentence was unfair until seven years later. His prison meditations now lead him to believe that his two attorneys did not render him effective assistance. The two lawyers testified that although they did not recall this specific case, their invariable practice was to fully investigate their cases, and to allow the defendant to make his own decision whether to accept any plea bargain after fully advising him of his rights.

The district court who heard the witnesses and observed their demeanor found that the appellant was not a credible witness and that the two court-appointed attorneys were conscientious, experienced lawyers who rendered effective assistance to the appellant. On these findings the court concluded the petitioner was not denied any federally-protected right.

■ Our examination of the hearing transcript and the rest of the record impels us to agree with the district court's findings and conclusions. A plea of guilty is not rendered invalid merely because it resulted from plea bargaining, or from the defendant's desire to avoid the possibility of the death sentence. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The order appealed from is

Affirmed.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c)(2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.