**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Florencio SEPE, Defendant-Appellant.**

No. 72-1352.

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 1973.

Rehearing Denied Feb. 5, 1973.

Rehearing En Banc Granted April 4, 1973.

Melvyn Kessler, Dennis I. Holober, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Michael P. Sullivan, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GODBOLD, Circuit Judges.

COLEMAN, *Circuit Judge:*

The Grand Jury for the Southern District of Florida indicted Florencio Sepe for (1) conspiring to import sixty-six pounds of heroin, 21 U.S.C. § 952(a); 18 U.S.C. § 2; 21 U.S.C. § 963; (2) for importing sixty-six pounds of heroin; and (3) for possessing the said narcotics with intent to distribute, 21 U.S.C. § 841(a)(1).

On January 11, 1972, the case came to trial.

Sepe contended that the heroin and the suitcase in which it had been contained should be suppressed as being fruits of an unlawful search. The trial judge disagreed.

A jury was selected. The government made its opening statement. Seven witnesses were examined, compiling a trial transcript of 141 typewritten pages.

At this point the following transpired:

MR. KESSLER [counsel for Sepe]: Your Honor, we have a most unusual request at this point in time and I trust the Court would go along with this request.

We are presently attempting to negotiate a favorable arrangement between the Defendant and the U. S. Government. There are one or two small problems, one of which, I'm waiting for the Interpreter that my client has faith in and that we can discuss it a little bit further, and he should be here momentarily.

THE COURT: We will discuss it here at sidebar.

We will let the jury have a recess for half an hour.

(Thereupon a recess was taken until 10:00 a. m., pursuant to which the following proceedings were had outside the presence of the jury:)

MR. KESSLER: Your Honor, the Defendant at this time has an announcement to make.

THE COURT: All right. We'll hear you.

MR. KESSLER: With the permission of the Court, we would at this time request of the Court to permit us to withdraw our plea of not guilty as to Counts 1, 2 and 3.

THE COURT: Your client is not named in Count 3. Counts 1, 2 and 5 are the Counts which relate to Mr. Sepe.

MR. KESSLER: Yes sir.

At this time, Your Honor, with the Court's permission, we would tender a plea of guilty to Count 1, and a plea of no contest to Counts 2 and 5.

THE COURT: And what is the Government's position?

MR. SULLIVAN: Your Honor, we will make a recommendation as to sentencing, but we do not object to the two nolo pleas as to Counts 2 and 5.

MR. KESSLER: We would ask at this time, Your Honor, that the Court defer the matter of sentencing to permit us for the taking of testimony from the family sometime next week. They are remaining—

Thereafter, the following proceedings took place:

THE COURT: Mr. Sepe, how old are you?

THE DEFENDANT: Thirty-two years old.

THE COURT: What education do you have?

THE DEFENDANT: Up to sixth grade, elementary school.

THE COURT: Are you married?

THE DEFENDANT: Yes, sir.

THE COURT: Have you children?

THE DEFENDANT: Three.

THE COURT: How many?

THE DEFENDANT: Three.

THE COURT: Now, under the law I must ask you certain questions to be sure that you understand what is happening and what you are doing. The fact that I do this does not reflect on your Counsel or their knowledge or ability, since they have already undoubtedly told you of the same things and asked you the same questions.

Do you understand that by entering a plea to Count 1 of the indictment that you are admitting the truth of the charge, that you agreed with one or more of the other persons named to import unlawfully into the United States a quantity' of heroin; you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And do you understand that when you plead guilty, there is no further trial either before a jury or before me, and that the only thing that will remain to be done is that I determine and impose whatever sentence I think appropriate?

THE DEFENDANT: (Nods head.)

THE COURT: Is your plea of guilty entered freely and voluntarily on your part?

THE DEFENDANT: (Nods head.)

THE COURT: Will you answer so the Court Reporter gets it?

THE DEFENDANT: Yes, sir.

THE COURT: Other than the promise or assurance of the United States Attorney that he will make a recommendation to the Court about your sentence, have any other promises or inducements been offered to you?

THE DEFENDANT: No, sir.

MR. BIERMAN: I would point out, Your Honor, that I have explained to the Defendant that the Court has indicated, pursuant to the ABA standards, that if the Court feels it necessary to exceed the Government's recommendation, that an opportunity to withdraw the plea would be given.

THE COURT: And I say to the Defendant as I have said to you, his Counsel, that I cannot foresee any circumstance at the moment that would impel me to impose a sentence in excess of the recommendation of the Government as to maximum sentence.

You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Now, with respect to Count 3 of the indictment.

MR. SULLIVAN: Is that not Count 2, Your Honor?

THE COURT: Count 2. Thank you.

With respect to Count 2 of the indictment, you are charged with having unlawfully imported into the United States from a place outside, a quantity of heroin, sixty-six pounds. Do you understand that by a plea of nolo contendere you say to the Court that you do not contest the truth of that charge?

THE DEFENDANT: (nods head.)

THE COURT: And his answer?

THE DEFENDANT: Is yes, sir.

THE COURT: And you understand that when you enter such a plea, there is no trial before Court or jury and that the Court may then sentence you upon that Count of the indictment with the same force and effect as if you had entered a plea of guilty?

THE DEFENDANT: (Nods head.)

THE COURT: Will you answer so the Court Reporter hears you?

THE DEFENDANT: Yes, sir.

THE COURT: On Count 5 of the indictment you are charged, with Mr. Pellini, with possession with intent to distribute a quantity of heroin, approximately sixty-six pounds. Do you understand that by your plea of nolo contendere, that you, by that plea, do not contest the truth of the charge? The Court, of course, understands that what was actually in the bag when you got it was one package and not sixty-two.

THE INTERPRETER: Not one package but two when the bag was delivered to him and Mr. Pellini, the rest being flour, according to the evidence before us.

And do you understand that on that Count if you plead nolo contendere, there is no further trial before the jury or before the Judge, and that the Judge may sentence you upon that Count of the indictment with the same force and effect as if you had entered a plea of guilty?

THE DEFENDANT: (Nods head.)

THE COURT: And his answer?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that upon these Counts, that the maximum prison sentence could be as much as fifteen years?

THE DEFENDANT: (Nods head.)

THE COURT: You must answer. He is shaking his head Yes, but we don't get your answer unless you utter it vocally.

THE DEFENDANT: Yes.

THE COURT: And with the knowledge of what your Counsel have told you and what the Judge has told you, are you still desirous and willing to change your plea to guilty on Count 1, and to nolo contendere on Counts 2 and 5?

THE DEFENDANT: Yes.

THE COURT: The Clerk may now take his plea of guilty on Count 1 and nolo contendere on Counts 2 and 5.

The defendant was thereafter sentenced to one-half of the maximum term of imprisonment, plus a fine.

■ He now seeks to appeal on the ground that the intended reception in evidence of the suitcase and heroin infringed his Fourth Amendment rights and that his conviction, although on obviously voluntary pleas of guilty and nolo contendere, should be reversed.

We cannot accept this contention.

The situation is completely covered by a most thoroughly researched, cogently reasoned decision récently rendered by the United States Court of Appeals for the Sixth Circuit in United States v. Cox, 464 F.2d 937 (1972).

There is a strong temptation to quote *in extenso* from the *Cox* opinion. Since it is reported, and thus available to all, we restrict ourselves to the following excerpts:

■■ "The procedure employed in the case at bar is at variance with the general, well-settled rule that a guilty plea "normally rests on the defendant's own admission in open court that he has committed the acts with which he is charged," see McMann v. Richardson, 397 U.S. 759, 766, 90 S.Ct. 1441, 25 L. Ed.2d 763 (1970); Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); McCarthy v. United States, 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L.Ed.2d 418 (1969). When made by the accused, knowingly, willingly and with the benefit of competent counsel, a plea of guilty waives all nonjurisdictional defects. Austin v. Perini, 434 F.2d 752 (6th Cir. 1970); Hum-

phries v. Green, 397 F.2d 67 (6th Cir. 1968); Reed v. Henderson, 385 F.2d 995 (6th Cir. 1967); McCord v. Henderson, 384 F.2d 135 (6th Cir. 1967); Crockett v. Haskins, 372 F.2d 475 (6th Cir. 1966); also see, Jenkins v. Beto, 442 F.2d 655 (5th Cir. 1971); Nobles v. Beto, 439 F.2d 1001 (5th Cir. 1971); United States v. Rook, 424 F.2d 403 (7th Cir. 1970), cert. den. 398 U.S. 966, 90 S.Ct. 2180, 26 L.Ed.2d 550 (1970); United States v. McElya, 142 U.S.App.D.C. 38, 439 F.2d 548 (1970); Abram v. United States, 398 U.S. 350 (3rd Cir. 1968); United States ex rel. Rogers v. Warden, 381 F.2d 209 (2d Cir. 1967); Runge v. United States, 427 F.2d 122 (10th Cir. 1970); Seybold v. Cady, 431 F.2d 683 (7th Cir. 1970). The jurisdictional exception to the general rule has been limited to cases in which the accused is challenging the constitutionality of the statute, usually on Fifth Amendment grounds, under which he is charged. See, Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968).

\* \* \* \* \* \*

"These general rules are well summarized in 1 Wright, Federal Practice and Procedure: Criminal § 175b, as follows: 'The entry of a plea of guilty has the effect of admitting all material facts alleged in the charge. No further proof of the crime is required . . . The plea is not merely evidence for the government. It is a formal criminal pleading, waiving a trial and a defense, and leaving the court nothing to do but to impose sentence and enter judgment.

A defendant who has pleaded guilty is not barred from claiming that the indictment or information failed to state an offense, or that the statute under which he was charged is unconstitutional, or that the pleading showed on its face that the prosecution was barred by the statute of limitations. *The plea of guilty does waive, however, all nonjurisdictional defects in the proceeding. In particular, it bars any claim that the prosecution obtained evidence unlawful-*

*ly,* or that the defendant was illegally detained, or that the prosecution constituted double jeopardy. (footnotes omitted and emphasis supplied).'

See, Hughes v. United States, 371 F.2d 694 (8th Cir. 1967); Hoffman v. United States, 327 F.2d 489 (9th Cir. 1964); Thomas v. United States, 290 F.2d 696 (9th Cir. 1961), cert. den. 368 U.S. 964, 82 S.Ct. 446, 7 L.Ed.2d 401 (1962).

\* \* \* \* \* \*

■■ "It is also well established that a guilty plea is not rendered invalid because it represents a compromise by defendant, thrusts a difficult judgment upon him, or is motivated by fear of greater punishment. See *Brady, supra; McMann, supra;* Parker v. North Carolina, *supra,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785; North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); McGautha v. California, 402 U.S. 183, 213, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971). The State may properly encourage pleas of guilty either by being more lenient to those who enter such pleas, see *Brady, supra,* 397 U.S. at 750–753, 90 S.Ct. 1463, or by increasing the risks of punishment on those who do not, see North Carolina v. Alford, *supra,* 400 U.S. at 37, 91 S.Ct. 160; Parker v. North Carolina, *supra,* 397 U.S. at 795–796, 90 S.Ct. 1458. The constitutional standard remains, in Justice Harlan's words, "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, *supra,* 400 U.S. at 31, 91 S.Ct. at 164; also see Boykin v. Alabama, *supra,* 395 U.S. [238] at 242, 89 S.Ct. 1709 [23 L.Ed.2d 274]; Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

"The guilty plea has a central role in the criminal process. See *Brady, supra,* 397 U.S. at 752 n. 10, 90 S.Ct. 1463. Approximately 90% of all criminal proceedings commenced in the United States district courts are settled by the

entrance of a plea of guilty or one of *nolo contendere.* See Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L. Ed.2d 427 (1971) (Douglas, J., concurring, at n. 2). Plea bargaining is now openly recognized as an important prosecutorial tool in obtaining these pleas which are indispensable to the smooth functioning of the existing system of criminal justice.[5] The Supreme Court held in *Santobello, supra,* that where "a plea rests in any significant degree on a promise or agreement of the prosecutor . . . such promise must be fulfilled," and perhaps even be specifically performed.

"The defendants at bar had every right to and did in fact plead not guilty. After their motion to suppress was overruled they were confronted by one of the hard choices of which our criminal process is replete. See McGautha v. California, *supra,* 402 U.S. at 213, 91 S.Ct. 1454. They could go to trial on charges of armed robbery and put the government to its burden of proving their guilt, see McMann v. Richardson, *supra,* 397 U.S. at 767, 90 S.Ct. 1441; United States v. Doyle, 348 F.2d 715 (2nd Cir. 1965), or they were free to bargain with the prosecutor and offer to plead guilty to a reduced charge or be promised leniency.

"In intelligently weighing their options, the defendants chose to plead guilty to reduced charges. Their mental calculus was undoubtedly affected by the district court's ruling on the motion to suppress and by their estimation of the likelihood of that ruling being set aside on appeal.[6] If they and their counsel believed the chances of reversal to be high, we fail to understand what was to be. gained by pleading guilty. The plea of not guilty should have been maintained and the government put to its burden."

In the foregoing decision the Court of Appeals for the Sixth Circuit concluded that *even with the consent of the prosecution,* pleas of guilty cannot be accepted while the defendant reserves the right to appeal on non-jurisdictional grounds.

In the interest of orderly procedures in the conduct of criminal trials, in order that criminal prosecutions may be reduced to final judgments so as to confer appellate jurisdiction, and for all the reasons so ably set forth in United States v. Cox, *supra,* we agree with the principles there announced.

■ This leaves one matter for disposition. Sepe pleaded nolo contendere to Count 5 of the indictment. On appeal, apparently for the first time, it is now noticed that this count was defective for failure to assert the essential "knowledge" required under the Old Narcotic Drugs Import and Export Act, 21 U.S. C. § 174. The government concedes this point, that the count did not charge an offense defined by law.

Since the sentence on Count 5 was for a non-existent offense, the judgment as to that count will be vacated and remanded with directions that the sentence on that count alone be set aside and the count itself dismissed.

The judgment and sentence of the District Court as to Counts 1 and 2 of the indictment are in all respects affirmed.

Affirmed in part.

In part (as to Count 5) vacated and remanded with directions.

GOLDBERG, Circuit Judge (specially concurring):

I concur in the result and add only a few lines, which may or may not be superfluous. I merely emphasize that not *every* prosecutorial flaw is waived by entering a plea of guilty—it is only non-jurisdictional defects that occurred prior to the plea that are waived by knowingly, willingly, and voluntarily pleading guilty. See United States v. Cox, *supra,* 464 F.2d at 940. Thus, even a defendant who pleads guilty may later assert that the indictment fails to state an offense. Here, appellant challenged count V on this ground, and the government conceded error. A second example of a right that is not surrendered by pleading guilty is the power to attack the constitutionality of the criminal

statute involved. Haynes v. United States, 1968, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923. Here, appellant challenges 21 U.S.C. § 841 as being violative of the tenth amendment and 21 U.S.C. § 952(a) as failing to require "knowledge and intent." Both points border on the frivolous. Section 841 was held proper under the Commerce Clause in United States v. Lopez, 5 Cir. 1972, 459 F.2d 949, and § 952, when read with § 960, as it must be, requires knowledge and intent. Appellant's points must fail.

## ON PETITION FOR REHEARING

### PER CURIAM:

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.

The appellant contends that his situation should be governed by the decision of this Court in United States v. Caraway, 1973, 474 F.2d 25.

The record in Sepe's case, however, is entirely bereft of any agreement on the part of the trial court that the defendant could enter his pleas and thereafter appeal. To the contrary, the record shows that the trial court specifically warned Sepe that if he entered the pleas there would be nothing left but the imposition of sentence.

GOLDBERG, Circuit Judge (dissenting):

I respectfully dissent from the denial of appellant's petition for rehearing in this case. In the light of United States v. Caraway, 5 Cir. 1973, 474 F.2d 25, I would grant the petition and would remand the case in order to allow the district court to make factual findings as to whether appellant was led to believe that he would be allowed to appeal the evidentiary ruling and whether appellant in fact attempted to "preserve" the right to appeal that ruling.

### ORDER GRANTING REHEARING EN BANC

Before JOHN R. BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLD-BERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRAHAM and RONEY, Circuit Judges.

### BY THE COURT:

A majority of the Judges in active service, on the Court's own motion, having determined to have this case reheard en banc,

It is ordered that this cause shall be reheard by the Court en banc on briefs without oral argument. The Clerk will specify a briefing schedule for the filing of supplemental briefs.