[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 14, 2006
THOMAS K. KAHN
CLERK

No. 05-17139
Non-Argument Calendar

_____

D. C. Docket No. 04-00336-CR-T-17MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN NOE MORALES ROMERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 14, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Kelvin Noe Morales Romero appeals his convictions and sentences for

conspiracy to possess with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. § 1903(a), (g), (j); 21 U.S.C. § 960(b)(1)(B)(ii), and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. § 1903(a), (g); 21 U.S.C. § 960(b)(1)(B)(ii). Romero argues that the district court erred when it denied his motion to suppress evidence, the district court clearly erred when it denied him a minor-role adjustment, and his sentence is unreasonable. We affirm.

## I. BACKGROUND

On July 19, 2004, the United States Coast Guard intercepted the <u>Miss Mery Hill</u>, a vessel sailing under the Honduran flag. The Coast Guard boarded the vessel and discovered 64 bales of cocaine that weighed 1536 kilograms. The crew members on the <u>Miss Mery Hill</u> admitted that they were aware of the cocaine and planned to profit from its sale. As a member of the crew, Romero was arrested and indicted on one count of conspiracy to possess with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. § 1903(a), (g), (j); 21 U.S.C. § 960(b)(1)(B)(ii), and one count of possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. §

2

1903(a), (g); 21 U.S.C. § 960(b)(1)(B)(ii).

Romero adopted the pre-trial motion to suppress made by his co-defendants. Based on the findings by the magistrate judge after an evidentiary hearing, the district court denied the motion. Romero then entered an unconditional guilty plea.

The Pre-Sentence Investigation Report assigned a total offense level of 36. With a criminal history category of I, the guidelines provided a sentencing range of 188 to 235 months of imprisonment. Romero objected to the PSI report because it did not recommend a reduction of his guidelines range based upon his alleged minor role as a crew member. The district court overruled his objection because it concluded that Romero was "an average participant."

The district court granted a two-level decrease in Romero's offense level, which yielded a guidelines range of 151 to 188 months of imprisonment. Romero requested a sentence below the guidelines range because a lower sentence would provide a sufficient deterrent, Romero would be deported after his prison term, and Romero could receive an education with a lower sentence. The district court denied Romero's request. The district court sentenced Romero to 151 months of imprisonment. The court stated, "After considering the advisory sentencing guidelines and all of the factors [in section 3553(a)], [the] Court finds that the sentence imposed is sufficient, but not greater than necessary to comply with the

statutory purposes of sentencing."

## II. STANDARD OF REVIEW

We review <u>de novo</u> whether a voluntary unconditional guilty plea waives the ability to appeal the rulings on pre-trial motions. <u>United States v. Patti</u>, 337 F.3d 1317, 1320 n.4 (11th Cir. 2003). We review for clear error the determination by a district court of a defendant's role in the offense. <u>United States v. Rodriguez De Varon</u>, 175 F.3d 930, 937 (11th Cir. 1999). We review sentences for reasonableness. <u>United States v. Talley</u>,431 F.3d 784, 786 (11th Cir. 2006).

## III. DISCUSSION

Romero presents three arguments. First, Romero contends that the district court erred when it denied his motion to suppress. Second, Romero argues that the district court clearly erred when it denied his request for a minor role adjustment. Third, Romero argues that the sentence imposed by the district court is unreasonable. We address each argument in turn.

Romero argues that the district court denied his motion to suppress because the Coast Guard did not have reasonable suspicion to search the <u>Miss Mery Hill</u>. This argument fails. "[A] voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings." <u>Patti</u>, 337 F.3d at 1320. Romero waived his right to appeal the denial of his motion to suppress when he pleaded

4

guilty without condition.  See United States v. McCoy, 477 F.2d 550, 551 (5th Cir. 1973); United States v. Sepe, 474 F.2d 784, 787–88 (5th Cir. 1973).  We also deny as moot Romero's motion to adopt the argument of his co-defendant on this issue.

Romero next contends that the district court clearly erred when it denied his request for a minor role adjustment.  Section 3B1.2 of the Sentencing Guidelines provides a sentence reduction for defendants who are "less culpable than most other participants, but whose role could not be described as minimal."  U.S.S.G. § 3B1.2, cmt n.5.  To receive this minor-role reduction, the defendant "bears the burden of proving a mitigating role in the offense by a preponderance of the evidence."  Rodriguez De Varon, 175 F.3d at 939; see U.S.S.G. § 3B1.2.  A district court (1) "must measure the defendant's role against the relevant conduct for which []he has been held accountable" and (2) may consider the defendant's "role as compared to that of other participants."  Id. at 940.  Other factors the district court may consider include the "amount of drugs, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in distribution."  Id. at 945.

The district court did not clearly err by denying Romero a minor role adjustment.   Although Romero argues that he was entitled to a minor role reduction because he did not package the cocaine, plan the trip, or communicate

5

with the intended recipient of the cocaine, these alleged facts do not establish that Romero played a minor role in the conduct for which he was convicted. Romero failed to provide evidence that he was less culpable than other members of the crew. Romero also was convicted of trafficking a large quantity of drugs. Romero was not entitled to a minor role adjustment. See id. at 943.

Romero also argues that the sentence imposed by the district court is unreasonable because of his role, personal and criminal history, and the deterrence factor. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." Talley, 431 F.3d at 788. According to the sentencing transcript, the district court explicitly considered the advisory guideline range and the sentencing factors, before it imposed a sentence at the low end of the guidelines range. The sentence imposed by the district court was reasonable.

Romero's convictions and sentences are

**AFFIRMED.**