[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 15, 2006
THOMAS K. KAHN
CLERK

No. 05-17201
Non-Argument Calendar

_____

D. C. Docket No. 04-00336-CR-T-17-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCELINO LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 15, 2006)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Marcelino Lopez appeals his convictions and sentences for conspiracy to

possess with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. § 1903(a), (g), (j); 21 U.S.C. § 960(b)(1)(B)(ii), and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. § 1903(a), (g); 21 U.S.C. § 960(b)(1)(B)(ii). Lopez argues that the district court erred when it denied his motion to suppress evidence, the district court clearly erred when it denied him a minor-role adjustment, and his sentence is unreasonable. We affirm.

## I. BACKGROUND

On July 19, 2004, the United States Coast Guard intercepted the Miss Mery Hill, a vessel sailing under the Honduran flag. The Coast Guard boarded the vessel and discovered 64 bales of cocaine that weighed 1536 kilograms. The crew members on the Miss Mery Hill admitted that they were aware of the cocaine and planned to profit from its sale. As a member of the crew, Lopez was arrested and indicted on one count of conspiracy to possess with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to United States jurisdiction, 46 U.S.C. § 1903(a), (g), (j); 21 U.S.C. § 960(b)(1)(B)(ii), and one count of possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. §

2

1903(a), (g); 21 U.S.C. § 960(b)(1)(B)(ii).

Lopez adopted the pre-trial motion to suppress made by his co-defendants. Based on the findings by the magistrate judge after an evidentiary hearing, the district court denied the motion. Lopez then entered an unconditional guilty plea.

The Pre-Sentence Investigation Report assigned a total offense level of 36. With a criminal history category of I, the guidelines provided a sentencing range of 188 to 235 months of imprisonment. Lopez objected to the PSI report because it did not recommend a reduction based upon his alleged minor role as a crew member with no ownership interest in either the cocaine or the vessel. The district court overruled his objection.

The district court granted a two-level decrease in Lopez's offense level, which yielded a guidelines range of 151 to 188 months of imprisonment. Lopez requested a sentence below the guidelines range based upon his minor role and his poverty. The district court denied his request because it concluded that "a sentence at the low end of the guideline range . . . is a reasonable sentence in this situation, all of the factors taken into consideration." The district court sentenced Lopez to 151 months of imprisonment and stated, "After considering the advisory sentencing guidelines and all of the factors identified in [section 3553(a)], [the] Court finds that the sentence imposed is sufficient but not greater than necessary to

comply with the statutory purposes of sentencing."

## II. STANDARD OF REVIEW

We review <u>de novo</u> whether a voluntary unconditional guilty plea waives the ability to appeal the rulings on pre-trial motions. <u>United States v. Patti</u>, 337 F.3d 1317, 1320 n.4 (11th Cir. 2003). We review for clear error the determination by a district court of a defendant's role in the offense. <u>United States v. De Varon</u>, 175 F.3d 930, 937 (11th Cir. 1999). We review sentences for reasonableness. <u>United States v. Talley</u>, 431 F.3d 784, 786 (11th Cir. 2006).

## III. DISCUSSION

Lopez presents three arguments. First, Lopez contends that the district court erred when it denied his motion to suppress. Second, Lopez argues that the district court clearly erred when it denied his request for a minor role adjustment. Third, Lopez argues that the sentence imposed by the district court is unreasonable. We address each argument in turn.

Lopez argues that the district court denied his motion to suppress because the Coast Guard did not have reasonable suspicion to search the <u>Miss Mery Hill</u>. This argument fails. "[A] voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings." <u>Patti</u>, 337 F.3d at 1320. Lopez waived his right to appeal the denial of his motion to suppress when he pleaded

4

guilty without condition.  See United States v. McCoy, 477 F.2d 550, 551 (5th Cir.

1973); United States v. Sepe, 474 F.2d 784, 787–88 (5th Cir. 1973).

Lopez next contends that the district court clearly erred when it denied his

request for a minor role adjustment.  Section 3B1.2 of the Sentencing Guidelines

provides a sentence reduction for defendants who are "less culpable than most

other participants, but whose role could not be described as minimal."  U.S.S.G. §

3B1.2, cmt n.5.  To receive a minor-role reduction, the defendant "bears the burden

of proving a mitigating role in the offense by a preponderance of the evidence."

De Varon, 175 F.3d at 939; see U.S.S.G. § 3B1.2.  A district court (1) "must

measure the defendant's role against the relevant conduct for which []he has been

held accountable" and (2) may consider the defendant's "role as compared to that

of other participants."  Id. at 940.  Other factors the district court may consider

include the "amount of drugs, fair market value of drugs, amount of money to be

paid to the courier, equity interest in the drugs, role in planning the criminal

scheme, and role in distribution."  Id. at 945.

The district court did not clearly err by denying Lopez a minor role

adjustment.  Lopez failed to establish that other crew members on the Miss Mery

Hill were more culpable than him, and his argument that he had no ownership in

the vessel or the cocaine is insufficient to warrant a minor role adjustment.  See id.

5

175 F.3d at 944. Lopez also was convicted of trafficking a large quantity of drugs. Lopez was not entitled to a minor role adjustment. See id. at 943.

Lopez also argues that the sentence imposed by the district court is unreasonable because it incorrectly calculated the guidelines range. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." Talley, 431 F.3d at 788. Although Lopez contends that the district court miscalculated his guidelines range, Lopez does not explain how the district court erred apart from denying him a minor role adjustment, which is an argument that we have already rejected. According to the sentencing transcript, the district court considered the advisory guideline range and the sentencing factors before it imposed a sentence at the low end of the guidelines range. The sentence imposed by the district court was reasonable.

Lopez's convictions and sentences are

**AFFIRMED.**