[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10047
Non-Argument Calendar
_____

D. C. Docket No. 04-00336-CR-T-17MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE NAUN AGUILAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 15, 2006)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Jorge Naun Aguilar appeals his convictions for conspiracy to possess with

the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. § 1903(a), (g), (j); 21 U.S.C. § 960(b)(1)(B)(ii), and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. § 1903(a), (g); 21 U.S.C. § 960(b)(1)(B)(ii). Aguilar argues that (1) the district court erred when it denied his motion to suppress evidence, (2) the United States Coast Guard conducted an unconstitutional search and seizure, and (3) the district court abused its discretion by denying his motion to dismiss for lack of jurisdiction. We affirm.

On July 19, 2004, the United States Coast Guard intercepted the Miss Mery Hill, a vessel sailing under the Honduran flag. The Coast Guard boarded the vessel and discovered 64 bales of cocaine that weighed 1536 kilograms. Aguilar was arrested as a crewmember and charged with conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. § 1903(a), (g), (j); 21 U.S.C. § 960(b)(1)(B)(ii), and possession with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. § 1903(a), (g); 21 U.S.C. § 960(b)(1)(B)(ii).

The government moved for pre-trial determination of jurisdiction. In support of its motion, the government submitted a certification from a designee of

the Secretary of State. The certification stated the Coast Guard had notified the Honduran government of the search of the Miss Mery Hill, but the Honduran government had waived its right to exercise jurisdiction and permitted the enforcement of United States law over the vessel and the crew. The district court granted the government's motion and found that the Miss Mery Hill was a "vessel subject to the jurisdiction of the United States." 21 U.S.C. § 960(b)(1)(B)(ii).

Aguilar moved to suppress evidence found on board the vessel. Aguilar argued that the Miss Mery Hill was not subject to the jurisdiction of the United States and the Coast Guard did not have a reasonable suspicion that the vessel violated United States law. Based on the findings by the magistrate judge after an evidentiary hearing, the district court denied the motion. Aguilar then entered an unconditional guilty plea.

Aguilar argues both that the district court erred when it denied his motion to suppress and the search of the Miss Mery Hill was unconstitutional, but Aguilar entered an unconditional guilty plea. We review de novo whether a voluntary unconditional guilty plea waives the ability to appeal the rulings on pre-trial motions. United States v. Patti, 337 F.3d 1317, 1320 n.4 (11th Cir. 2003). "[A] voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings." Id. at 1320. Aguilar waived his right to appeal both the denial of his

3

motion to suppress and the legality of the search of the Miss Mery Hill. See

United States v. McCoy, 477 F.2d 550, 551 (5th Cir. 1973); United States v. Sepe,

474 F.2d 784, 787–88 (5th Cir. 1973).

Aguilar also contends that the district court lacked jurisdiction because the

Miss Mery Hill was not subject to the jurisdiction of the United States, but Aguilar

also waived this argument. As we explained, "a voluntary, unconditional guilty

plea waives all nonjurisdictional defects in the proceedings." Patti, 337 F.3d at

1320. Under the Maritime Drug Law Enforcement Act, "[i]t is unlawful for any

person . . . on board a vessel subject to the jurisdiction of the United States"

knowingly to possess with the intent to distribute a controlled substance. 46

U.S.C. § 1903(a). Because the indictment charged Aguilar with a violation of a

law of the United States, "the district court [had] jurisdiction over the case and

empower[ed] it to rule on the sufficiency of the indictment." United States v.

McCoy, 266 F.3d 1245, 1252 n.11 (11th Cir. 2001).

Aguilar's argument that the Miss Mery Hill was not subject to the

jurisdiction of the United States is not a challenge to the subject matter jurisdiction

of the district court. Aguilar instead challenges the finding of the district court that

the Coast Guard complied with the Maritime Drug Law Enforcement Act to

establish that the Miss Mery Hill was a "vessel subject to the jurisdiction of the

4

United States." 46 U.S.C. § 1903(a). Because this argument does not challenge the subject matter of the district court, Aguilar waived this argument when he pleaded guilty unconditionally. See Patti, 337 F.3d at 1320.

Aguilar's convictions are

**AFFIRMED.**