[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12334
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20133-PAS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE DWIGHT MARSHALL,
a.k.a. Maurice Marshall,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 28, 2011)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Maurice Marshall appeals his convictions and 108-month total sentence for

conspiracy to possess with intent to distribute a detectable amount of Oxycodone, in violation of 21 U.S.C. § 846, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, he argues that: (1) the district court erroneously denied his motion for reconsideration of the denial of his motion to suppress; (2) the government breached the plea agreement when it failed to return property not included in the final order of forfeiture; and (3) the district court erroneously denied his request for a minor role reduction. For the reasons set forth below, we affirm Marshall's convictions and dismiss his appeal of his sentences.

## I.

Marshall was indicted for, among other things, conspiring to possess with intent to distribute a substance containing a detectable amount of Oxycodone, in violation of 21 U.S.C. § 846, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The indictment included a forfeiture provision, which specified that $7,137, a 9-millimeter pistol, and 10 rounds of 9-millimeter ammunition were subject to forfeiture.

He filed a motion to suppress, which the district court ultimately denied. Marshall then filed a motion for reconsideration of that denial, which the court also denied.

2

Marshall and the government entered into a written plea agreement. The agreement contained an appeal waiver, under which Marshall waived his right to appeal his sentence unless it exceeded the statutory maximum sentence or the court imposed an upward departure, variance, or both from the guideline range it established. Marshall would also be released from the appeal waiver if the government appealed his sentence.

At the change of plea hearing, Marshall testified that he had been able to communicate with his attorney, he and his attorney had thoroughly discussed the case, his attorney had answered all of his questions to his satisfaction, he was satisfied with his attorney's advice and representation, and he had discussed every page of the plea agreement with his attorney before signing it. No one had threatened Marshall to persuade him to accept the plea agreement and plead guilty, nor had anyone made him any promises not contained in the plea agreement. He was aware of the elements the government would have to prove before he could be found guilty.

Marshall further testified that he understood that, by pleading guilty, he was giving up his right not to incriminate himself, to a trial, to be represented by an attorney at trial, to have an attorney appointed for trial if he could not afford one, to see and cross-examine the government's witnesses, to testify or not testify

without having his decision held against him by the jury, and to call and subpoena witnesses in his defense. Marshall was aware that his maximum sentence for violating 21 U.S.C. § 846 was 20 years' imprisonment, 3 years' supervised release, and a $1 million fine. He was aware that his maximum sentence for violating 18 U.S.C. § 922(g)(1) was 10 years' imprisonment, 3 years' supervised release, and a $250,000 fine.

The court discussed the appeal waiver, and Marshall testified that he was aware that he was waiving his right to appeal his sentence unless it exceeded the statutory maximum sentence or the court imposed an upward departure from the guideline range as determined at sentencing. He understood that, even if the court made a mistake in calculating his guideline range, he would not be able to appeal that mistake. He had discussed the appeal waiver with his attorney, was freely and voluntarily waiving his right to appeal, and had no reservations about his decision. The court found that Marshall had freely, voluntarily, and knowingly waived his right to appeal his sentence.

The court also discussed the items that would be subject to forfeiture, and the government and Marshall's attorney agreed that $7,137, the gun, and the ammunition were subject to criminal forfeiture. However, Marshall's attorney argued that $3,170 and jewelry found on Marshall's person were not listed in the

4

indictment. His attorney further stated that the government had told him that it could not make any promises as to the return of those items, and that he understood that he could attempt to recover those items through an administrative procedure. The government stated that, separately from the criminal case, it would seek to administratively forfeit the $3,170 and jewelry. The court accepted Marshall's guilty plea.

Prior to sentencing, upon the government's motion, the court entered a preliminary order of forfeiture of the gun and ammunition listed in the indictment. At sentencing, Marshall's attorney stated that the court could enter a final order of forfeiture for the gun and ammunition. The government asked that the $7,137 listed in the indictment be forfeited. As to his guideline calculations, Marshall objected that he should have received a minor role reduction. The court denied this request and stated that his guideline range was 108 to 135 months' imprisonment. The court imposed a 108-month sentence for each count, to run concurrently, and forfeited Marshall's right to the property identified in the preliminary order of forfeiture. The court entered a final order of forfeiture of the gun and ammunition.

## II.

A defendant waives all nonjurisdictional defects when he pleads guilty

"knowingly, voluntarily, and with the benefit of competent counsel." *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984). A claim that the government illegally obtained evidence is nonjurisdictional. *United States v. Sepe*, 474 F.2d 784, 788 (5th Cir.), *aff'd on reh'g en banc*, 486 F.2d 1044 (1973). A guilty plea is knowing and voluntary if the defendant entered the plea without coercion and with an understanding of the nature of the charges and the consequences of the plea. *United States v. Brown*, 586 F.3d 1342, 1346 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 2403 (2010). "There is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). The defendant "bears a heavy burden to show" that statements made under oath at a plea colloquy were false. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Marshall has waived his right to appeal the denial of his motion for reconsideration of the denial of his motion to suppress because he pleaded guilty knowingly, voluntarily, and with competent counsel. *See Yunis*, 723 F.2d at 796. At the change of plea hearing, Marshall testified that no one had threatened him to persuade him to plead guilty, and that no one had made him any promises that were not in the plea agreement. Thus, he pleaded guilty free from coercion. *See Brown*, 586 F.3d at 1346. He was also aware of the nature of the charges, as he

testified that he was aware of the elements the government would have to prove before he could be found guilty. *See id.* Marshall was aware of the consequences of his plea. *See id.* He testified that he understood that, by pleading guilty, he was giving up his right not to incriminate himself, to go to trial with the assistance of an attorney, to see and cross-examine the government's witnesses, to testify or not testify, and to call and subpoena witnesses in his defense. Further, he was aware of his maximum sentences, terms of supervised release, and fines for the counts to which he was pleading.

Finally, Marshall pleaded guilty with competent counsel, as evidenced by his testimony that he had been able to communicate with his attorney, he and his attorney had thoroughly discussed the case, his attorney had answered all of his questions to his satisfaction, he was satisfied with his attorney's advice and representation, and he had discussed every page of the plea agreement with his attorney before signing it. Marshall has not shown that any of his testimony was not true. *See Rogers*, 848 F.2d at 168. Because Marshall pleaded guilty knowingly, voluntarily, and with competent counsel, he waived review of the court's determination that the government's evidence was not obtained illegally, and we affirm without addressing the merits of his argument. *See Sepe*, 474 F.2d at 788.

III.

We generally review *de novo* the question of whether the government breached a plea agreement. *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004). However, where a defendant fails to object to an alleged breach before the district court, we review only for plain error. *United States v. Romano*, 314 F.3d 1279, 1281 (11th Cir. 2002). Plain error exists where (1) there is an error; (2) that is plain; (3) that affected the defendant's substantial rights; and (4) that "seriously affect[ed] the fairness, integrity, or public reputation of the judicial proceedings." *Id.* The first step in determining whether the government breached a plea agreement is to "determine the scope of the government's promises." *Copeland*, 381 F.3d at 1105. In so doing, we apply an objective standard to determine "whether the government's actions [were] inconsistent with what the defendant reasonably understood when" he pleaded guilty. *Id.* (quotation omitted). Where a plea agreement is unambiguous, we will not consider extrinsic evidence of the agreement's meaning. *Id.* at 1105-06.

Because Marshall did not object that the government breached the plea agreement before the district court, this claim is subject to plain error review. *See Romano*, 314 F.3d at 1281. There is no error in this case because the government did not breach the plea agreement. The plea agreement did not contain any

8

provision in which the government agreed to make any effort to return Marshall's property. Moreover, even assuming *arguendo* that the plea agreement was ambiguous, the government expressly stated at the change of plea hearing that it would seek administrative forfeiture of the $3,170 and jewelry. Thus, Marshall could not reasonably have interpreted his plea agreement to mean that the government would return the jewelry and money to him. Accordingly, the government did not breach the plea agreement, and we affirm.

IV.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). A sentence appeal waiver contained in a plea agreement is enforceable if it was made knowingly and voluntarily. *Id.* at 1350-51. For an appeal waiver to be enforceable, the government must demonstrate either that "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* at 1351.

Marshall knowingly and voluntarily waived his right to appeal his sentences. The district court specifically questioned him about the sentence appeal waiver during his plea colloquy, and he indicated that he understood the

waiver and was freely and voluntarily waiving his right to appeal his sentences. Therefore, Marshall's appeal waiver was made knowingly and voluntarily, and he may not appeal his sentences unless an exception to the appeal waiver applies. *See Bushert*, 997 F.2d at 1350-51. Marshall's sentences of 108 months for each count did not exceed the statutory maximum sentences of 20 years for violating 21 U.S.C. § 846 or 10 years for violating 18 U.S.C. § 922(g)(1). Nor did his 108-month total sentence exceed his guideline range of 108 to 135 months as determined by the court. Finally, Marshall is not released from the appeal waiver because the government did not appeal his sentences first. Accordingly, Marshall has not met an exception to his sentence appeal waiver, and we dismiss the appeal of his sentences.

For the foregoing reasons, we affirm Marshall's convictions and dismiss his appeal of his sentences.

**AFFIRMED IN PART AND DISMISSED IN PART.**