### UNITED STATES of America
### v.
### Charles McELYA, Appellant.
### No. 24754.

United States Court of Appeals,
District of Columbia Circuit.
Dec. 18, 1970.

Before BAZELON, Chief Judge,* and
WRIGHT and LEVENTHAL, Circuit
Judges, in Chambers.

### ORDER

On consideration of the referred motion for appointment of counsel, and of the record on appeal herein, it is

Ordered by the Court that the referred motion for appointment of counsel is denied, and it is

Further ordered by the Court, *sua sponte,* that this appeal is dismissed for the reasons set forth in the following opinion.

### PER CURIAM:

Appellant McElya was indicted for having carnal knowledge of,[1] and for taking indecent liberties with,[2] a female child. He pleaded guilty to the latter charge, the former charge was dismissed, and he was sentenced to two to six years imprisonment. The sentence was suspended, and he was placed on probation with the condition that he "utilize any alcoholic facility as designated by his Probation Officer." Appellant did not move for a reduction of sentence in the District Court,[3] nor did he attack his plea of guilty in that court.[4] Instead, he filed a notice of appeal, and now requests this Court to appoint counsel to conduct that appeal.

In view of the recurrence of appeals like this on our docket, it is appropriate to note the limited nature of review that may properly be sought.

■ This Court has authority when there is illegality or impropriety in a sentence.[5] But appellant makes no such claim, and indeed, the disposition was favorable to appellant in its provisions for probation. This appeal from the sentence is frivolous.

■■ As to the appeal from the conviction, the authority of this Court is also limited. A defendant's voluntary plea of guilty entered after receiving advice of counsel waives objections to nonjuris-

---

\* Chief Judge Bazelon did not participate in the disposition of this case.

1. 22 D.C.Code § 2801 (1967).

2. 22 D.C.Code § 3501(a) (1967).

3. *See* Fed.R.Crim.P. 35.

4. *See* 28 U.S.C. § 2255 (1964); Fed.R. Crim.P. 32(d).

5. *See, e. g.,* Leach v. United States, 122 U.S.App.D.C. 280, 353 F.2d 451 (1965), cert. denied, 383 U.S. 917, 86 S.Ct. 911, 15 L.Ed.2d 672 (1966). *See generally* 8A J. Moore, Federal Practice ¶¶ 32.09, 35.02 ■ (1970, Supp. 1970).

dictional defects in his conviction,[6] and no jurisdictional infirmity is either set forth by appellant or discernible from the record. Where a defendant claims error in the taking of his plea, the District Court will consider whether he should be allowed to withdraw his plea under Federal Rule of Criminal Procedure 32(d) or whether his conviction and sentence should be set aside under 28 U.S.C. § 2255 (1964).[7] Since appellant did not allege any error in the taking of the plea, there is no basis for a remand to provide such consideration in the District Court.

Appellant's motion for appointment of counsel on appeal is denied. We dismiss the appeal *sua sponte* for failure to raise a nonfrivolous issue.[8]

So ordered.

---

6. *E. g.*, United States ex rel. Rogers v. Warden, 381 F.2d 209, 212–213 (2d Cir. 1967) ; *see* Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).

7. *See generally* 8A J. Moore, Federal Practice ¶ 32.07 [4] (1970, Supp. 1970) (comparing remedies under Rule 32(d) and § 2255).

8. *See, e. g.*, Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958).