UNITED STATES of America
v.
Marshall E. FITZGERALD, a/k/a
Charles E. Fleaming,
Appellant.

UNITED STATES of America

v.

Marshall E. FLEAMING, a/k/a Charles
Fitzgerald, Appellant.

Nos. 71–1227, 71–1228.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 25, 1972.

Decided July 26, 1972.

Mr. Bruce J. Terris, Washington, D. C. (appointed by this Court), for appellant.

Mr. Paul L. Friedman, Asst. U. S. Atty., with whom Messrs. Harold H. Titus, Jr., U. S. Atty., and John A. Terry and Stephen W. Grafman, Asst. U. S. Attys., were on the brief, for appellee.

Before ROBINSON and MacKINNON, Circuit Judges, and CHARLES E. WYZANSKI, Jr. *, Senior District Judge for the District of Massachusetts.

MacKINNON, Circuit Judge:

In the early morning hours of May 27, 1970, Fitzgerald, the appellant, pulled a gun on a man and a woman, forced them into an automobile and took from them money, a billfold and a cigarette lighter. He was apprehended in an automobile while fleeing the scene of the crime with his co-defendant, one Cushwa. Appellant admitted taking property from the

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1970).

victim and was charged with his co-defendant in an 8-count indictment filed on August 25, 1970 in Criminal Case No. 1423–70, with armed robbery, robbery, assault with a dangerous weapon (two counts), assault with intent to commit robbery while armed, assault with intent to commit robbery and carrying a pistol without a license (two counts).

On May 29, 1970, Cushwa's attorney arrived at the jail where both appellant and Cushwa were confined and completed the necessary arrangements for the release of Cushwa on bond. Thereupon appellant pretended to be Cushwa, signed a statement under oath to that effect and, upon the basis of this fraudulent representation, obtained his release from jail. As a result of this incident appellant was charged on September 30, 1970 in Criminal Case No. 1701–70 with perjury, forgery, uttering and escape from custody.

Thereafter appellant, on his own motion, was given a mental examination, and an evaluation was made as to whether he was suffering from drug addiction at the time of the offenses and whether the drug addiction was related to the criminal acts. The examining doctor reported to the court on November 27, 1970 that appellant was competent to stand trial, that he was not suffering from a mental defect or disease at the time of the alleged criminal offenses, and that in his professional opinion, while appellant had been addicted to drugs,

> drug addiction does not constitute a mental illness in that there are factors other than psychological which are primarily [sic] in its causation, namely physiologic and social factors.

On the basis of such report, the court, on November 30, 1970, found that appellant had

> sufficient present ability to consult with his counsel with a reasonable degree of rational understanding and has a rational as well as a factual understanding of the proceedings against him.

On December 1, 1970, in open court, following a full and complete explanation of his rights, appellant stated that he understood his rights but desired to waive them and plead guilty to two counts. Guilty pleas were accordingly entered and accepted to one count of assault with a dangerous weapon[1] in Criminal Case No. 1423–70 and one count of escape from custody[2] in Criminal Case No. 1701–70.

Appellant appeared for sentencing on February 18, 1971, and his counsel requested that appellant be sentenced under Title II of the Narcotic Addict Rehabilitation Act of 1966. The court concluded, however, that such sentence was foreclosed because appellant had charges pending against him in Prince George's County, Maryland, for conspiracy to commit armed robbery, forgery, uttering and unauthorized use of a motor vehicle, which allegedly occurred on June 1, 1970, just three days following his escape from the District of Columbia jail. After reviewing the presentence report, which defense counsel had an opportunity to read, the court imposed concurrent sentences of two to ten years for assault with a dangerous weapon (Criminal Case No. 1423–70) and one to three years on the escape charge (Criminal Case No. 1701–70). Appellant's motion for reduction of sentence on April 1, 1971 was denied. Appellant has never filed a motion to withdraw his pleas of guilty.

On this appeal Fitzgerald contends that: (1) common law principles of criminal responsibility and the Eighth Amendment prohibit his punishment for crimes which he here alleges were a result of his narcotics addiction and a consequent inability to control the conduct for which he was convicted; (2) the trial court should have considered him for sentence under the Narcotic Addict Rehabilitation Act; and (3) the Eighth Amendment's prohibition against cruel

---

1. D.C.Code § 22–502 (1967).

2. 18 U.S.C. § 751(a) (1970).

and unusual punishment prohibits his imprisonment without providing the opportunity for treatment.

*First,* we note that appellant voluntarily entered pleas of guilty and developed no factual basis in the trial court to support his claim that common law principles of criminal responsibility and the Eighth Amendment prohibited his convictions. Even if we were to ignore the cases which hold that a voluntary plea of guilty waives all rights and defenses, known or unknown, present or future, Brady v. United States, 397 U.S. 742, 756–757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); McMann v. Richardson, 397 U.S. 759, 768–774, 90 S.Ct. 1441, 25 L. Ed.2d 763 (1970); Parker v. North Carolina, 397 U.S. 790, 794–798, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); Edwards v. United States, 103 U.S.App.D.C. 152, 154, 256 F.2d 707, 709, cert. denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958), we would still be unable to pass upon appellant's contention because it has absolutely no factual support in the record.

■ The pleas of guilty in these two cases were entered more than three months after our decision in Watson v. United States, 141 U.S.App.D.C. 335, 439 F.2d 442 (en banc, 1970). Therein we set forth at length the suggested procedures for raising a defense such as appellant now attempts to raise. However, appellant entered his pleas notwithstanding the admonitions of *Watson* and he cannot complain that he had not been advised of the type of record necessary for this court to consider a defense such as is here suggested. Thus the essential

facts were not developed in the record at the time of trial and now nearly two years have elapsed since the original offenses were committed. The record is therefore insufficient for consideration of appellant's claim. Furthermore, we conclude that appellant, by knowingly and voluntarily entering his pleas of guilty, waived his right to assert the defense that common law principles of criminal responsibility and the Eighth Amendment prohibited his convictions.

■ *Secondly,* we conclude that appellant was properly denied treatment under Title II of the Narcotic Addict Rehabilitation Act of 1966. In reaching this conclusion we do not reach the question as to whether appellant is "an offender against whom there is pending a prior charge of a felony which has not been finally determined," within the meaning of 18 U.S.C. § 4251(f) (3), or as to the constitutionality of that provision, because we find it to be plain that appellant was ineligible for commitment under the Narcotic Addict Rehabilitation Act of 1966 because he had been "convicted of a crime of violence"[3] within the meaning of 18 U.S.C. § 4251(f) (1).[4] We recently upheld the constitutionality of this provision in United States v. Fersner and McElveen, 151 U.S.App.D.C. ——, 465 F.2d 605 (Decided June 12, 1972), as against the contention that it denies the equal protection of the laws to one convicted of a crime of violence.

■ *Thirdly,* appellant contends that it is cruel and unusual punishment to incarcerate him without providing him with medical treatment for drug

---

3. The conviction of assault with a dangerous weapon in Criminal Case No. 1423–70 (D.C.Code § 22–502) placed appellant in the status of being "convicted of a crime of violence." 18 U.S.C. § 4251(b) (1970) contains the following definition: "Crime of violence" includes voluntary manslaughter, murder, rape, mayhem, kidnaping, robbery, burglary or housebreaking in the nighttime, extortion accompanied by threats of violence, assault with a dangerous weapon or assault with intent to commit any of-

fense punishable by imprisonment for more than one year, arson punishable as a felony, or an attempt or conspiracy to commit any of the foregoing offenses.

4. "Eligible offender" means any individual who is convicted of an offense against the United States but does not include —

(1) an offender who is convicted of a crime of violence.

See note 3, *supra.*

addiction.[5]  It is impossible for an appellate court to consider this contention on this record because the point was not raised below and appellant's contentions have no factual predicate in the record. Such matters are required to be raised in the first instance in the trial court. *See* United States v. Lewis, 140 U.S. App.D.C. 40, 45–46, 433 F.2d 1146, 1151–1152 (1970); Perkins v. United States, 139 U.S.App.D.C. 179, 180, 432 F.2d 612, 613, cert. denied, 400 U.S. 866, 91 S.Ct. 108, 27 L.Ed.2d 106 (1970); Hutcherson v. United States, 120 U.S. App.D.C. 274, 288, 345 F.2d 964, 978 (Bazelon, C. J., concurring in part), cert. denied, 382 U.S. 894, 86 S.Ct. 188, 15 L.Ed.2d 151 (1965).

■■  We also take notice that persons who have been sentenced to prison are not denied medical treatment. *See* 18 U.S.C. §§ 4005, 4042 (1970). *See also* Ramsey v. Ciccone, 310 F.Supp. 600, 605 (W.D.Mo.1970).[6]  They can receive "care" and treatment in prison for narcotics addiction just as they can for any other personal affliction (18 U.S.C. § 4042).

*Finally*, it should be pointed out that in the event appellant is ultimately successful in some subsequent proceeding in setting aside his convictions on these two counts to which he entered pleas of guilty, he would thereby negate the agreement upon which his pleas were entered and the remaining counts were dismissed.  He would then be subject to trial on all counts with the added punishment that they might entail.

Affirmed.

---

5. If he means that the Government must generally furnish him free narcotics in prison on a maintenance program, we disagree.  However, the nature of the "treatment" he insists upon is not set forth and hence we cannot pass upon it here.

6. Having custody of the prisoner's body and control of the prisoner's access to medical treatment, the prison authorities have a duty to provide needed medical attention.  For example see 72 C.J.S. Prisons § 11 Note 41.  See also Talley v. Stephens (E.D.Ark.) 247 F. Supp. 683, cited in Jackson v. Bishop (C.A. 8) 404 F.2d 571, 572.  This duty is recognized in state and federal statutes and administrative prison regulations.  (In the case of the United States Medical Center for Federal Prisoners the furnishing of needed medical and surgical care is the prime reason for its existence.)  In addition to these statutory and administrative duties there is a constitutional duty to provide needed medical treatment to a prisoner because the *intentional* denial to a prisoner of *needed* medical treatment is cruel and unusual punishment, and violates the 8th amendment to the Constitution of the United States. Ramsey v. Ciccone, *supra*, 310 F.Supp. at 605.