**UNITED STATES of America,**
**Plaintiff,**

v.

**James Joseph WELSH, Defendant.**

**Crim. A. No. 74–51–CR6.**

United States District Court,
D. Kansas.

Oct. 30, 1974.

**532**

Robert J. Roth, U. S. Atty., Stephen K. Lester, Asst. U. S. Atty., Wichita, Kan., for plaintiff.

Leonard Munker, Federal Public Defender, Wichita, Kan., for defendant.

## MEMORANDUM AFFIRMING CONVICTION

WESLEY E. BROWN, Chief Judge.

Welsh was charged by way of information with obstructing and retarding the mails in violation of 18 U.S.C. § 1701, a petty offense. He consented to be tried by the Magistrate, and after being duly advised of his rights, entered a plea of guilty. On April 25, 1974, the Magistrate sentenced Welsh to a term of imprisonment of six months. Welsh duly perfected his appeal to this Court and the Magistrate has submitted the record for our consideration. This Court affirms.

An appeal of right to this Court lies from a conviction by the United States Magistrate. 18 U.S.C. § 3402. The scope of our review is not a trial *de novo,* but shall be the same as an appeal from the District Court to the Court of Appeals. Rule 8(d), Federal Rules of Procedure for the Trial of Minor Offenses Before United States Magistrates.

A plea of guilty is an admission of each essential element of the offense and constitutes a wavier of all nonjurisdictional defects. United States v. McElya, 142 U.S.App.D.C. 38, 439 F.2d 548 (1970). A constitutional challenge to the statute upon which the conviction rests is preserved on appeal on the condition that the issue was raised prior to the plea. Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968); United States v. Gonzalez-Parra, 438 F.2d 694 (5th Cir. 1971). The record is clear that no constitutional question was raised below; therefore, our review is limited to the question of the jurisdiction of the Magistrate.

The information charges that on or about April 6, 1974, in this district, Welsh knowingly and willfully obstructed and retarded the passage of the mail in violation of 18 U.S.C. § 1701. The offense charged is punishable by confinement up to six months and/or a fine of $100. It is a minor offense over which

the United States Magistrate has jurisdiction. 18 U.S.C. § 3401(a) and (f).

18 U.S.C. § 3401(b) provides that any person charged with a minor offense may elect to be tried by the District Court. The Magistrate is to advise the defendant of his right to have the matter tried before the Judge of the District Court and to his right to trial by jury in that Court. We have examined the record before the Magistrate and find that Welsh was thoroughly advised of his right to have the matter tried before the Judge of the District Court and to his right to trial by jury. Having been duly advised of these rights by the Magistrate, Welsh executed a consent in writing to be tried before the Magistrate.

Having examined the record, we find no jurisdictional defects.

It is the Court's conclusion that the defendant's appeal is without merit and that the conviction is affirmed.

It is so ordered.