John C. REEVES, Plaintiff-Appellant,

v.

CITY OF JACKSON, MISSISSIPPI, et al., Defendants-Appellees.

No. 75–4292
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 1, 1976.

Rehearing Denied July 6, 1976.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Wm. M. Bost, Jr., Vicksburg, Miss., for plaintiff-appellant.

John E. Stone, City Atty., City of Jackson, Cary E. Bufkin, Jackson, Miss., for American Employers' Ins. Co.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

This is an appeal from the District Court's order dismissing the plaintiff's case which was premised primarily upon 42 U.S. C.A. § 1983 for failure to state a claim upon which relief can be granted. F.R.Civ.P. 12(b)(6). As more than $10,000 was involved and there was diversity, the claim also embraced 28 U.S.C.A. § 1332 and there existed federal question jurisdiction under 28 U.S.C.A. § 1331. We reverse because we believe the Trial Court went too far too fast in dismissing this suit at this early stage in the proceedings. Although we make no prognosis as to the outcome of this suit, we hold that the facts pled by the plaintiff give rise to several bases of federal jurisdiction and state several tenable claims under the applicable state and federal law.

### 12(b)(6)

■ Since the complaint was dismissed its allegations must be taken as true, see *Radovich v. National Football League, et al.,* 1956, 352 U.S. 445, 448, 77 S.Ct. 390, 392, 1 L.Ed.2d 456, 459. In his complaint the plaintiff alleged that he was found unconscious by two Jackson city police officers slumped over the steering wheel of his car near Gallatin Street in Hinds County, Mississippi. Subsequently, the officers arrested him, thinking he was intoxicated, and took him in this unconscious condition to the Jackson City Jail where he remained for some 22 hours in this unconscious state. No attempt was made to determine whether he was ill or intoxicated and no medical care was administered to him during this time. Upon these facts he based his claim for false arrest and false imprisonment and failure to give adequate medical treatment against the City, the individual police officers and jailers, and against the City's insurance company, American Employers' Insurance Company which insured the city against

liability arising from the actions of city employees performing their duties.[1]

■ In assaying the Trial Court's dismissal of this complaint we say again, as we have many times said,[2] that under *Conley v. Gibson*, 1957, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 and an almost endless list of our cases that "a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim." *Cook & Nichol, Inc. v. Plimsoll Club*, 5 Cir., 1971, 451 F.2d 505, 506; see also *Pred v. Board of Public Instruction of Dade County*, Fla., 5 Cir., 1969, 415 F.2d 851, 853; *Webb v. Standard Oil Company*, 5 Cir., 1969, 414 F.2d 320; *Barber v. Motor Vessel "Blue Cat"*, 5 Cir., 1967, 372 F.2d 626; *Arthur H. Richland Co. v. Harper*, 5 Cir., 1962, 302 F.2d 324; *Millet v. Godchaux Sugars*, 5 Cir., 1957, 241 F.2d 264.

■ The District Court should give the plaintiff the full fanfare of a federal court claim at least until it can see what the real facts are. If, after a full development of the facts the plaintiff's cause is too weak to string the Constitution's bow or unsheath the sword provided for the redress of such grievances under Mississippi law, it may be washed out on summary judgment, *see, e. g., Bruce Construction Corporation v. United States*, 5 Cir., 1957, 242 F.2d 873, or if it gets beyond that, by motion for directed verdict either at the end of the plaintiff's

case, or at the close of the evidence, or by J.N.O.V. after verdict. *Webb v. Standard Oil Co.*, 5 Cir., 1969, 414 F.2d 320, 324.

## § 1983

■ While the plaintiff's allegations are sufficient to toll the constitutional bell,[3] the more complex question is which parties are liable, to whom and for what. Clearly, the city is free from liability as a non "person" under § 1983. *City of Kenosha v. Bruno*, 1973, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109; *Moor v. County of Alameda*, 1973, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596; *Monroe v. Pape*, 1961, 365 U.S. 167, 188–93, 81 S.Ct. 473, 484–87, 5 L.Ed.2d 492, 505–07. However, non-liability does not extend to intentional acts by animate officials acting on behalf of the governmental entity, and if the allegations of the complaint are taken as true, as they must be, these officers and jailers intentionally deprived the plaintiff of some of his constitutional rights while performing their official duties. Whether any or all of the individuals have a qualified immunity, *Wood v. Strickland*, 1975, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214; *Scheuer v. Rhodes*, 1974, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 or can show that the damages are expendable on the city, *Muzquiz v. City of San Antonio, et al.*, 5 Cir., 1976, 524 F.2d 1233 (en banc) (panel opinion reported at 520 F.2d 993); *Warner v. Board of Trustees of the Police Pension Fund, etc.*, 5 Cir., 1976, 524 F.2d

---

**1.** § 21–21–11 of the Mississippi Code of 1972 authorizes municipalities with a population of over 140,000 as of 1960 to purchase insurance coverage to protect members of the police force working under the direction of municipal authorities against suits alleging that police are guilty of false arrest, false imprisonment or other claims resulting from such officer's performance of his duty.

**2.** In *Cook & Nichol, Inc. v. Plimsoll Club*, 5 Cir., 1971, 451 F.2d 505, 506 we emphasized the repetitive nature of this exercise:

> It reminds us of the need for periodic exercise, for over and over and over again—but apparently not often enough—this Court has stated, explained, reiterated, stressed, rephrased, and emphasized one simple, long-established, well-publicized rule of Federal

practice: a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claims.[1] *Webb v. Standard Oil Co.*, 5 Cir., 1969, 414 F.2d 320;[2] *Millet v. Godchaux Sugars*, 5 Cir. 1957, 241 F.2d 264;[3] *Arthur H. Richland Co. v. Harper*, 5 Cir., 1962, 302 F.2d 324;[4] *Barber v. Motor Vessel "Blue Cat"*, 5 Cir., 1967, 372 F.2d 626;[5] *Pred v. Board of Public Instruction of Dade County, Florida*, 5 Cir., 1969, 415 F.2d 851 [6] . . . . (footnotes omitted).

**3.** See the § 1331 discussion for a more complete exegesis of the constitutional claims involved.

1233 (en banc) (panel opinion reported at 522 F.2d 1384), cannot at this stage be determined.

### § 1331

But the § 1983 "person" problem does not exist either as to the city or the individuals under 28 U.S.C.A. § 1331.[4]

We have recognized that grossly inadequate medical care may violate the Eighth Amendment protection against cruel and unusual punishment or infringe upon Fourteenth Amendment due process, see, *Newman v. State of Alabama*, 5 Cir., 1974, 503 F.2d 1320, *cert. denied*, 421 U.S. 948, 95 S.Ct. 1680, 44 L.Ed.2d 102.

■ Certainly at this stage the plaintiff's complaint states such a claim under the Constitution aside from any enabling statute such as § 1983. Without intimating the extent, if any, to which the conduct described amounts to a denial of Eighth Amendment, Fourth Amendment or Fourteenth Amendment due process, these constitutional claims are of the kind cognizable by federal courts. *See, e. g., Whirl v. Kern*, 5 Cir., 407 F.2d 781; *United States v. Fitzgerald*, 1972, 151 U.S.App.D.C. 206, 466 F.2d 377; *Stokes v. Hurdle*, D.Md., 1975, 393

F.Supp. 757. We again emphasize that we do not predict the liability of the city, or the range of the defenses, qualified or absolute, immunity open to it on the individuals in a § 1331 federal question constitutional claim. There is enough here to permit the parties to exploit fully pretrial discovery and the Court then to see what the real facts are, not what the lawyers say they are.

### § 1332

■ The plaintiff is a resident of Louisiana and all of the defendants are residents of Mississippi, except for the insurance company which is a resident of Massachusetts. Moreover, the matter in controversy exceeds $10,000 so the elements of diversity are met.[5] But the defendants argue that no claim can be stated under Mississippi law because the blanket of governmental immunity covers not only the actions of municipalities but also the actions of their officials. We agree with the defendants that it is for Mississippi courts and not the Fifth Circuit to do away with this blanket of immunity and accordingly we intimate no opinion as to the continued viability of this principle under Mississippi law. Rather, in concluding that a claim is stated in this case we merely observe a few

4. § 1331. *Federal question; amount in controversy; costs*

(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff is finally adjudged to be entitled to recover less than the sum or value of $10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interests and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff. June 25, 1948, c. 646, 62 Stat. 930; July 25, 1958, Pub.L. 85–554, § 1, 72 Stat. 415.

5. In *Moor v. County of Alameda*, 1973, 411 U.S. 693, 717–22, 93 S.Ct. 1785, 1799–1802, 36 L.Ed.2d 596, 614–16, the Supreme Court specifically held that even though a claim against a governmental entity could not properly be sub-

stantiated under § 1983, a county is a citizen for purposes of § 1332 diversity jurisdiction and accordingly if the other prerequisites of diversity jurisdiction exist, this may constitute an alternative basis for upholding federal court jurisdiction.

Although the Court had previously held that a state was not a citizen for diversity purposes, *Postal Telegraph Cable Co. v. Alabama*, 1894, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231; *Minnesota v. Northern Securities Co.*, 1904, 194 U.S. 48, 63, 24 S.Ct. 598, 601, 48 L.Ed. 870, 877, it found that under California law "[the] county [had] a sufficiently independent corporate character that it be treated as a citizen . . . ." *Id.* 411 U.S. at 721, 93 S.Ct. at 1802, 36 L.Ed.2d at 616. Likewise, in another context the Supreme Court has held that a municipality is a citizen, *Illinois v. City of Milwaukee, Wis.*, 1972, 406 U.S. 91, 97–98, 92 S.Ct. 1385, 1389–90, 31 L.Ed.2d 712, 720, and upon the *Moor* rationale a municipality which is independent in character and function from the state should be considered a citizen for § 1332 diversity.

worn spots in the weave which could provide a basis for the plaintiff's claim.

■ To begin with we find no statutory enactment which would grant immunity to police officers or jailers for unlawful arrest or detention, and on the contrary there is a statutory provision which specifically provides immunity only for *lawful* arrest. *See* § 99–3–23 Miss.Code of 1972. Moreover, the legislature has specifically granted municipalities of over 140,000 in population the right to indemnify themselves for liability arising from the performance of official duties by city employees and that statute specifically provides that the city may seek indemnity insurance to protect itself against liability for official misconduct amounting to false arrest or false imprisonment. *See* § 21–21–11 Miss.Code of 1972.[6] What the ultimate range of defenses open to the city or individuals might be under Mississippi law is a matter that must be deferred.

At this juncture we do not attempt to forecast the outcome of this litigation, or even how far it gets. *Webb v. Standard Oil Co., supra.* All we hold is that the plaintiff must be afforded the chance to establish facts upon which his § 1983, § 1331 or diversity claims depend.

REVERSED AND REMANDED.

---

**6.** We are aware of the case of state for use of *Kelley v. Yearwood*, 1948, 204 Miss. 181, 37 So.2d 174 where the Mississippi Supreme Court upheld a judgment in favor of an officer who was accused of falsely imprisoning a woman, who he found intoxicated on the highway, by taking her to another nearby jail which was on his assigned route rather than promptly presenting her to a magistrate for examination. Although the Court found that in this situation the officer was not liable it is sufficiently clear, for our *Erie* light, that a cause of action for false imprisonment could be maintained against a policeman under Mississippi law.