**James K. MOORE, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 97–CO–1076.

District of Columbia Court of Appeals.

Submitted Jan. 21, 1999.

Decided Feb. 4, 1999.

Paul H. Zukerberg, Washington, DC, appointed by the court, was on the brief for appellant.

Wilma A. Lewis, United States Attorney, and John R. Fisher, Thomas J. Tourish, Jr., and Noel H. Gordon, Assistant United States Attorneys, were on the brief for appellee.

Before TERRY and STEADMAN, Associate Judges, and GALLAGHER, Senior Judge.

TERRY, Associate Judge:

This is an appeal from the denial, without a hearing, of a motion under D.C.Code § 23–110 (1996) to vacate appellant's sentence.

We affirm that denial on the ground that, as a matter of law, appellant is not entitled to the relief he seeks.

In 1992, pursuant to a plea bargain, appellant pleaded guilty to one count of armed robbery and was later sentenced to a prison term of five to thirty years, with a mandatory minimum of five years. *See* D.C.Code § 22–3202(a)(1) (1996). Several other pending charges, including another count of armed robbery, two counts of armed kidnapping, and various weapons offenses were dismissed at the time of sentencing.

About a year after he was sentenced, appellant filed a *pro se* motion to vacate sentence under D.C.Code § 23–110, claiming that his counsel had rendered ineffective assistance by failing to make certain arguments relating to his sentence. He did not contend, however, that his plea was involuntary, nor did he seek to withdraw the plea. The court entered an order in October 1993 denying the motion without a hearing, but without prejudice to renewal "following an assessment by newly appointed counsel." A few months later the newly appointed attorney withdrew, and another attorney was appointed, but at no time did either counsel file a renewed motion. Nevertheless, in May 1995, the court ordered the government to respond to the original motion ("out of an apparent abundance of caution," according to the government's brief). The government filed a response, and shortly thereafter the court denied the § 23–110 motion again. No appeal was taken from that denial.

Almost two years later, on May 16, 1997, appellant filed another *pro se* motion under section 23–110. This time, however, he made no claim of ineffective assistance of counsel, but asserted instead that his rights under the Interstate Agreement on Detainers (IAD), D .C.Code § 24–701 (1996), had been violated because he had been "shuttled" nine times between Prince George's County, Maryland, and the District of Columbia while charges were pending against him in both jurisdic-

tions. This time the court did not ask the government for a response but denied the motion without a hearing. From that denial he brings this appeal; we affirm.

We hold, first of all, that by voluntarily pleading guilty [1] appellant waived any claim that he might have had under the IAD. *See Bettis v. United States,* 325 A.2d 190, 194 (D.C.1974) ("virtually every possible avenue of appeal is waived by a guilty plea"); *United States v. Fitzgerald,* 151 U.S.App.D.C. 206, 208, 466 F.2d 377, 379 (1972) ("a voluntary plea of guilty waives all rights and defenses, known or unknown, present or future" (citations omitted)); *United States v. McElya,* 142 U.S.App.D.C. 38, 39–40, 439 F.2d 548, 549–550 (1970) (voluntary plea of guilty "waives objections to nonjurisdictional defects in [the] conviction" (footnote omitted)); *Edwards v. United States,* 103 U.S.App.D.C. 152, 154, 256 F.2d 707, 709 (voluntary plea of guilty is "treated as … a waiver of all defenses known and unknown"), *cert. denied,* 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958). A collateral attack on a conviction based on a plea of guilty "is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Appellant's present claim does not fit within these limits.

Moreover, the record affirmatively shows that appellant's rights under the IAD were not violated. The IAD would be implicated here only if appellant had been "serving a term of imprisonment" [2] in Maryland— *i.e.,* a sentence—at the time he was allegedly "shuttled" between Maryland and the District of Columbia. *See Felix v. United States,* 508 A.2d 101, 105 (D.C.1986); *Christian v. United States,* 394 A.2d 1, 40–41 (D.C.1978), *cert. denied,* 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979). Appellant was not sentenced in Maryland until September 22, 1992; before that date, he was merely a pre-trial detainee in Maryland with no rights at all under the IAD. Thus his trans-

---

1. Appellant has never claimed that his guilty plea was involuntary.

2. Both Article III and Article IV of the IAD, on which appellant bases his arguments, are limited in their application to persons who are "serving a term of imprisonment." *See* D.C.Code § 24–701.

fers from one jurisdiction to the other between August 22, 1990 (when he was first charged in the District of Columbia),[3] and August 4, 1992 (the date of his sentencing in this case), did not violate the IAD because the IAD was not applicable to him at that time.[4]

The order denying appellant's second motion under section 23–110 is therefore

*Affirmed.*

---

3. According to the record, appellant was already in custody in Maryland when he was charged in a "grand jury original" indictment, filed August 22, 1990, in the case at bar.

4. Given our holding, we need not address the government's additional argument, based on such cases as *McCleskey v. Zant*, 499 U.S. 467, 494–495, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), and *Matos v. United States*, 631 A.2d 28, 31 (D.C.1993), that the May 1997 motion was properly denied under section 23–110(e) as a "second or successive" motion.