United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60558
Summary Calendar

THOMAS J. AMERSON,

Plaintiff-Appellant,

versus

AMERICAN NATIONAL INSURANCE COMPANY;
L.C. ROBERTS, JR.; DEAN CLAY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:04-CV-66-LN
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Thomas Amerson, Mississippi prisoner # 32237, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint with
prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure
to state a claim because the defendants were not state actors.
Amerson contends that he was unaware of which civil complaint
form to use when filing against someone other than a prison
official until after he had received the district court's opinion
and final judgment, and he argues that the district court should

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have allowed him the opportunity to amend his complaint before dismissal.

The district court correctly determined that Amerson had alleged no facts which established that the defendants had acted under color of state law. Rosborough v. Management & Training Corp., 350 F.3d 459, 460 (5th Cir. 2003). However, in addition to his allegations of constitutional violations under 42 U.S.C. § 1983, Amerson alleged the state law claims of fraud and conversion. The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332. The district court did not consider whether diversity jurisdiction might exist. Amerson alleged damages exceeding $75,000. Amerson is a resident of Mississippi. Amerson alleged that the defendants' addresses were all in Galveston, Texas. From the face of the complaint, it would appear that the defendants are all residents of Texas, and thus, the district court would have diversity jurisdiction. Based on the allegations of the amount in controversy and the stated addresses of the defendants in Amerson's complaint, the district court erred in dismissing Amerson's complaint for failure to state a claim under 42 U.S.C. § 1983 without considering whether the court had diversity jurisdiction over his civil state law claims. The judgment of the district court is REVERSED and this case is REMANDED to afford Amerson the opportunity to demonstrate

whether the district court has diversity jurisdiction.  <u>See</u> <u>Reeves v. City of Jackson, Miss.</u>, 532 F.2d 491, 493-96 (5th Cir. 1976)(reversing and remanding dismissal of 42 U.S.C. § 1983 case for failure to state a claim in part because elements of diversity were met).

REVERSED AND REMANDED.