# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20037
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2015

Lyle W. Cayce
Clerk

DONALD TOPPER,

Plaintiff-Appellant

v.

PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY; AAAA INSURANCE AGENCY; JOHN DOE; OSCAR ZAMBRANO,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3697

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Donald Topper, Texas prisoner #1800924, appeals from the district court's judgment dismissing his complaint for failure to state a claim under 28 U.S.C. § 1915A(b)(1). He contends that the district court incorrectly construed his complaint as arising under 42 U.S.C. § 1983. We review his claims de novo,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014).

Topper's complaint does not allege a violation of a federally guaranteed right or contend that the defendants acted under color of state law. *See* § 1983; *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). Further, he does not invoke his federal civil rights or assert that he was denied due process. Rather, he asserts various tort and contract claims under state law against the defendants as private actors without alleging that they committed acts with the involvement or cooperation of the State. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). While Topper set forth no facts establishing that the defendants acted under state law, he alleged damages exceeding $75,000, and named defendants that, according to the complaint, are not, like him, residents of Texas. Thus, the district court may have had diversity jurisdiction. *See* 28 U.S.C. § 1332.

Accordingly, based on the allegations of the amount in controversy and the stated addresses of the defendants in Topper's complaint, the district court erred in dismissing Topper's complaint for failure to state a claim under § 1983 without considering whether the court had diversity jurisdiction over his civil state law claims. The district court's judgment is REVERSED and the case is REMANDED to afford Topper the opportunity to establish whether the district court has diversity jurisdiction. *See Reeves v. City of Jackson, Miss.*, 532 F.2d 491, 493-96 (5th Cir. 1976). With respect to Topper's request for a refund of overpayment of district court filing fees, Topper should seek any such refund from the district court in the first instance.